[No. 13360.   Department One.   February 6, 1917.]

HORTON INVESTMENT COMPANY *et al.*, *Respondents*, v. THE CITY OF SEATTLE, *Appellant*.[1]

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENTS—BENEFITS—PROCEEDINGS—CONCLUSIVENESS.   Under the act of 1911, 3 Rem. & Bal. Code, § 7892-1, which confines the power to assess for a local improvement to "property specially benefited thereby" and § 7892-13, requiring the property to be assessed in accordance with the benefits conferred, the declaration in the initial ordinance that the property included in the district is all the property specially benefited, does not preclude the court from inquiring into the question of benefits to the property assessed, as a matter of fact, on appeal under Id., § 7892-22; and in determining the benefits, the court may take into consideration, with the other evidence, the fact that property outside the district was benefited.

SAME — LOCAL IMPROVEMENTS — BENEFITS — EVIDENCE.   In determining the benefits to property from filling a street, the fact that the fill will be necessary to a new sewer, not then contemplated as any part of the improvement involved, is too remote to serve as a taxable benefit to the property; as a thing which is not a benefit cannot be made the basis of an assessment for benefits.

SAME—ASSESSMENTS — EXCESSIVENESS — EVIDENCE.   Where forty per cent of the cost of an improvement of a street was for a fill which was of no benefit to property assessed for the full cost of the improvement, the assessment is properly reduced to sixty per cent of the cost.

APPEAL—REVIEW—THEORY OF CASE.   Upon a trial *de novo* on appeal, a correct decision will not be reversed because based upon a wrong theory.

Appeal from a judgment of the superior court for King county, Ronald, J., entered November 24, 1915, in favor of the plaintiffs, modifying an assessment on appeal from the order of the city council confirming the roll.   Affirmed.

*James E. Bradford* and *William B. Allison*, for appellant.

*Morris & Shipley* and *Paul S. Dubuar*, for respondents.

ELLIS, C. J.—The city of Seattle prosecutes this appeal from a judgment reducing assessments on the properties of

[1]Reported in 162 Pac. 989.

respondents for a local improvement. The improvement consists in the grading, planking, sidewalking, curbing and guttering of Ellis avenue, from Bailey street on the north to Myrtle street on the south, and the laying of sewers and water mains therein. The surface of the street, which was formerly on a level with the abutting property, was raised throughout from two to four feet. The improvement district included all the abutting, adjacent, vicinal and proximate properties between the termini of the improvement, in accordance with § 13 of the local improvement law of 1911, p. 446, 3 Rem. & Bal. Code, § 7892-13. The ordinance provided that the entire cost and expense of the improvement should be assessed against such property. It was admitted by respondents at the trial that all of the proceedings of the council and of the assessing officers in the formation of the district and in laying the assessment conformed to the formal requirements of that section. No technical objections were urged, but it was claimed, in substance, that respondents' properties were assessed much in excess of the actual special benefits conferred thereon by the improvement; that other property, not included in the district, was specially benefited much more than were the properties of respondents, and that these properties were, therefore, assessed much in excess of their proportionate share of the benefits; that Ellis avenue is an arterial highway and that its improvement was a special benefit to the city, and that all or a large part of the expense of its improvement should be assessed against the city.

Ellis avenue is located in that part of the city of Seattle known as Georgetown. It runs in a northerly and southerly direction from Bailey street on the north to Myrtle street on the south. Its junction with Bailey street is near the business center of Georgetown. There was evidence that it will eventually become a principal thoroughfare between the territory to the south and that business center, and will also give access to a business district of Seattle proper upon and

near Jackson street. For several blocks south of Bailey street, the property in the district is platted, thence south the property abutting upon both sides of the street is unplatted and is owned and used by respondent Horton Investment Company for agriculture and gardening. Prior to this improvement, the street was on a level with this property and gave every access to it that any street could give. There is at present no demand for this property for industrial purposes, but it is the intention to plat it and dispose of it for such purposes whenever the demand arises. At the trial, it was conceded that the planking of Ellis avenue and the sewers and water mains laid in this improvement are a special benefit to the properties of respondents, but it was insisted that the fill was of no benefit but was a positive detriment. The evidence shows that the fill cost forty per cent of the entire cost of the improvement. At the close of the trial, the court expressed the opinion that the property north and south of the district was specially benefited, but held that it had no authority in law to interfere with the district as defined by the council, and expressed an intention to confirm the roll. Respondents moved for a new trial, after argument of which the court filed a memorandum decision stating that it had found that the district did not include all of the property benefited, and concluded:

"I am satisfied that not more than sixty per cent of the total benefits resulting from this improvement inured to the property within the local improvement district established, and I think the assessment upon appellants' property is fully all that it is benefited. An assessment of appellants' property in a sum exceeding sixty per cent of that actually levied, plus sixty per cent of the accrued interest, is arbitrary and assessed upon a fundamentally wrong basis.

"It is not necessary to grant a new trial. I am simply constrained to modify my former holding. If the city has the power to establish an enlarged district and desires to do so, and to make a new assessment upon property benefited, I will make an order vacating the assessment roll. Otherwise I

shall modify it as to appellants' property by reducing the amount of appellants' assessment to sixty per cent of the present assessment, plus sixty per cent of the interest. The city may take its choice as to which form of judgment it prefers entered, without prejudice to take an exception to whatever form is entered."

The city electing to stand on the assessment roll, judgment was entered reducing the assessments on respondents' properties to sixty per cent of the amount shown on the rolls, plus sixty per cent of the interest, and awarding respondents their costs.

Appellant's main contention, running through its entire brief, seems to be that, because the city council, in the formation of the improvement district, admittedly conformed to the zone system as prescribed by § 13 of the law of 1911, p. 446 (3 Rem. & Bal. Code, § 7892-13), and because the initial ordinance, in pursuance of that section, declared the property included in the district the property, and all the property, to be specially benefited by the improvement, the court was bound by that declaration. Therefore, it is urged, such declaration "is a legislative act which must be regarded as a conclusive finding of fact that the property in the district is benefited to the extent of the cost of the improvement." From this postulate it is argued, in substance, that the court had no power to inquire whether other property not included in the district was in fact specially benefited, and had no power to reduce the assessments in any event. This presents a peculiar blending of the sound and the unsound. It is true, as we said in *Moore v. Spokane*, 88 Wash. 203, 152 Pac. 999:

"Since the statute authorizes the placing of the burden of the entire cost of the improvement upon the abutting property, it could not well be held that such an assessment was upon a fundamentally wrong basis, where the evidence shows that the property is not assessed for more than it is benefited."

But in that case the trial court did not find that the abutting property was assessed in a greater amount than it was

benefited, and we were of the opinion from the evidence that it was not, still we said:

"Had the evidence shown that the property was not benefited to the extent to which it was assessed, a different question would be presented, upon which no opinion is expressed."

Obviously, we did not hold that the declaration in the ordinance, though authorized by the statute, was a conclusive finding of fact that the property in the district was benefited to the extent of the cost of the improvement. In the more recent case of *Eggerth v. Spokane*, 91 Wash. 221, 157 Pac. 859, in answer to the contention that such a declaration in the initial ordinance was so conclusive as to preclude the formation of an enlarged district for reassessment or supplemental assessment, we said:

"It is further argued that, because the initial ordinance declared, as directed by the statute (§ 13), that the original district included all the property to be specially benefited, therefore there can be no enlarged district including other property. The argument is specious. The question of benefits is always a question of fact. The finding of benefits, as made in the original ordinance, was only *prima facie* and tentative. That is why the statute accords to the property owner a hearing on the question of benefits before any assessment roll is confirmed."

And in *East Hoquiam Co. v. Hoquiam*, 90 Wash. 210, 155 Pac. 754, we said:

"Taxation by special assessment is defensible only upon the theory of corresponding special benefits to the property assessed. Const., art 7, § 9."

See, also, *Seattle v. McElwain*, 75 Wash. 375, 134 Pac. 1089; *In re Leary Avenue, Seattle*, 77 Wash. 399, 138 Pac. 8; *In re Eighth Avenue Northwest*, 77 Wash. 570, 138 Pac. 10; *Viegle v. Spokane*, 78 Wash. 359, 139 Pac. 33; *In re Shilshole Avenue*, 85 Wash. 522, 148 Pac. 781.

Section 1 of the act of 1911, p. 441, 3 Rem. & Bal. Code, § 7892-1, conferring the power to pay for local improve-

ments by special assessments, confines the power to assess to "property specially benefited thereby," and § 13, which is the section relied upon by appellant, declares that the cost shall be assessed upon the property so benefited "in accordance with the special benefits conferred on such property," thus negativing the idea of any assessment beyond benefits. Again we say that no declaration of the city council, to which timely objection is taken, can preclude the trial court from inquiring into the question of benefits to the property assessed as a question of fact, nor this court from reviewing that question *de novo* on appeal. 3 Rem. & Bal. Code, § 7892-22. Though, under our decision in *Moore v. Spokane, supra,* the mere fact that other property than that in the district may have been specially benefited by the improvement would not alone be sufficient ground for setting aside or modifying assessments on property within the district, if such assessments did not exceed the special benefits to such property, nor include things which conferred no benefit, nevertheless that fact may be taken into consideration with the other evidence to determine whether, in fact, the property in the district was assessed beyond its special benefits, or for a thing which did not benefit it at all.

In the case here, the only claim of benefit and the only evidence of any benefit conferred upon any property by the filling of Ellis avenue was that the raising of the surface will be necessary to a new sewer system for this district and a large additional area, whenever at sometime in the future the city may determine to construct such new sewer system. But the sewer, which was put in as a part of this improvement and to pay for which a part of this assessment was levied, is an extension of the old sewer system and has an ample fall to serve the property in this district without any raise of the level of Ellis avenue. The present system, as the evidence shows, will last for fifteen years. No plan for a new system has been adopted by any action of the city

council.  The supposed new system is merely a general engineering plan which it is hoped may sometime be put into effect.  It seems to us that the filling of this street, which, as the evidence shows, was solely to benefit other property than that in the district, and to aid a thing not even contemplated as any part of the improvement here involved, is too remote to serve as a taxable benefit to this property.  A thing which is not a benefit cannot be made the basis of an assessment for benefits.  This would seem to be axiomatic.  *Viegle v. Spokane, supra; In re Shilshole Avenue, supra; In re Boyer Avenue,* 79 Wash. 664, 141 Pac. 58.

The evidence here conclusively shows that the cost of this fill, which did not benefit respondents' property in any sum, was forty per cent of the cost of the entire improvement.  It follows that the trial judge reached the correct result when he reduced the assessments on respondents' properties by that exact amount.  It is no answer to say that the power to determine the necessity for an improvement and the character of the improvement are wholly within the discretion of the city when not controlled by statute.  That is true, but it does not follow that the city can assess abutting property on the theory of benefits for a thing which demonstrably confers no benefit.  If the character of the improvement was such that it would be impossible to segregate the different elements and their influence upon the property as a benefit or otherwise, or if there was no evidence from which to determine the cost of that part of the improvement which conferred no benefit, we would be unable to affirm this judgment.  But such is not the case here.  The evidence shows a clear segregation of the parts of the improvement which conferred a benefit and the part which did not, and also the cost of each.  It is true that the trial judge did not base his conclusion upon the ground which we do, but rather upon the ground of relative benefits as between the property in the district and property outside of the district.  The cause, however, is here for trial *de novo* on the evidence.  Having found from the evidence

that the court reached a correct result, we cannot reverse the decision merely because it was based upon a wrong theory.

The judgment is affirmed.

MORRIS, MOUNT, FULLERTON, and CHADWICK, JJ., concur.