[No. 32361.   Department One.   September 21, 1953.]

F. K. HARGREAVES, *Respondent*, v. MUKILTEO WATER DISTRICT, *Appellant*.[1]

*O. D. Anderson* and *J. P. Hunter,* for appellant.

*Leslie R. Cooper,* for respondent.

[1]Reported in 261 P. (2d) 122.

HILL, J.—The commissioners of the Mukilteo water district have now tried for the fourth time to spread assessments over the properties in local improvement district No. 16 to pay for the improvements which that district was created to provide. Each time, some or all of the assessments have been canceled or reduced by either the superior or the supreme court. The matter is now before this court for the second time.

The location and extent of the local improvement district, the character of the improvements, and something of the problems faced by the commissioners are explained in *Hargreaves v. Mukilteo Water Dist.*, 37 Wn. (2d) 522, 224 P. (2d) 1061 (1950). As stated in that case, Rem. Rev. Stat. (Sup.), § 11587, relating to water districts, provides that, when a local improvement district is created within and as part of a water district,

"... the levying, collection and enforcement of all public assessments and issuance of bonds hereby authorized shall be in the manner now and hereafter provided by law for the levying, collection and enforcement of local improvement assessments and the issuance of local improvement bonds *by cities of the first class in so far as the same shall not be inconsistent with the provisions of this act.*" (Italics ours.)

It was pointed out in *Hargreaves v. Mukilteo Water Dist., supra,* that all of the parties were agreed—as they are now—that the assessments were to be spread in accordance with the provisions of Rem. Supp. 1947, § 9365, which relates to the establishment of local improvement districts in cities and towns (including cities of the first class) and which provides for the zone and termini method of determining benefits and apportioning costs unless the nature of the improvement is such that the special benefits conferred are not fairly reflected by assessments computed on that basis, in which event the ordinance (or resolution) ordering the improvement must provide that

"... the assessment shall be made against the property of the district in accordance with the special benefits it will derive from the improvement without regard to the zone and termini method. ..."

The resolution ordering the improvement within local improvement district No. 16 contained no such provision; hence, the assessments were required to be made in accordance with the zone and termini method of apportionment.

(In this opinion, we cite only Remington's Revised Statutes, because the statutes were so cited in *Hargreaves v. Mukilteo Water Dist., supra*, and because the revisers, in the preparation of the Revised Code of Washington, made changes in the wording of the statutes involved; particularly in Rem. Rev. Stat., § 11590, which is practically identical to Rem. Rev. Stat., § 9373, in those portions which set forth the powers of the body hearing protests against an assessment roll.)

The history of the effort, since the completion of the improvements, to spread the assessments over the property in the local improvement district has been as follows:

A. An assessment roll confirmed by the water district commissioners May 16, 1949, was, October 24, 1949, held invalid in its entirety by the superior court for Snohomish county. There was no appeal to this court.

B. An assessment roll confirmed by the water district commissioners February 28, 1950, in the amount of $48,-764.88, was confirmed also by the superior court for Snohomish county. On an appeal to this court by Hargreaves and others, hereinafter referred to as the "Hargreaves group," the superior court was reversed and it was held that the assessments levied upon the property of that group must be set aside because the zone and termini method had not been used.

C. An assessment roll confirmed by the water district commissioners May 3, 1951, in the amount of $52,440.39, was prepared by the zone and termini method. Six property owners (not members of the Hargreaves group) appealed to the superior court and their assessments were reduced, the court holding that the commissioners had no right to assess the property of the protesting property owners beyond the amount that their property was benefited by the improvement. There was no appeal to this court.

After that superior court decision, the water district commissioners arrived at the following conclusions:

(1) That the assessments under roll "B" were binding except as to property belonging to the Hargreaves group, who protested against and appealed from that assessment roll. That assessment roll thus provided a total binding assessment of $24,878 on the property of all except the Hargreaves group, *arrived at on the basis of special benefits determined without regard to the zone and termini method.* (Assessments against the same property computed by the zone and termini method totaled $42,320.)

(2) That the assessments under roll "C," from which the Hargreaves group did not appeal, were binding on them, thus providing a total binding assessment on the property of the Hargreaves group of $10,120.39.

(3) That the portions of rolls "B" and "C" from which no appeal was taken thus provided binding assessments totaling $34,998.39, covering all the property in the local improvement district. Inasmuch as interest and the costs of litigation had run the cost of the improvement up to $55,564.53, there remained a deficiency of $20,566.14.

D. A deficiency assessment roll, confirmed by the water district commissioners May 13, 1952, was originally prepared by the zone and termini method. Thereafter, purporting to act under the provisions of Rem. Rev. Stat., § 11590 or § 9373 (the former applicable to water districts; the latter, to cities of the first class), the water district commissioners heard protests and proceeded to "correct, revise, raise, lower, change or modify" the assessment roll until they had spread approximately $17,500 of the $20,-566.14 deficiency onto the property of the Hargreaves group. This made the total assessments against the property of the Hargreaves group substantially the same as on roll "B", which was involved in *Hargreaves v. Mukilteo Water Dist., supra.*

The Hargreaves group appealed from the assessments in roll "D", and the superior court canceled the deficiency assessments against the property of that group. The Mukilteo water district appeals.

To dispose of the present appeal, it is necessary only to state that it appears from the record that the deficiency exists, in part at least, because the assessments in roll "B" (placed upon the property of those not in the Hargreaves group; see "B" and "(1)", *supra*) were not spread in accordance with the zone and termini method.

The reasoning of the water district commissioners relative to the binding character of the assessments on the property of those who made no protest and took no appeal from assessment rolls "B" and "C" would not be subject to criticism if those assessments had equaled the cost of the improvement, which the commission was required to spread over the property in the district. The so-called "binding" assessments failed to equal that cost by some twenty thousand dollars. It would seem axiomatic that the property of the Hargreaves group, having had assessments placed on it in accordance with statutory requirements, would not be liable for a deficiency assessment *until all of the rest of the property in the district had assessments placed on it in accordance with the statutory requirement.* That admittedly has not been done, and the trial court's order canceling the deficiency assessment on the property of the Hargreaves group must be affirmed.

However, an affirmance on that basis leaves unanswered the question presented on this appeal as to how far the commissioners of the water district can go in revising an assessment roll prepared by the zone and termini method under the authority given by Rem. Rev. Stat., § 11590 or § 9373. It also leaves unanswered the statement of the trial judge in his order denying a new trial, that we had, by our opinion in *Hargreaves v. Mukilteo Water Dist., supra,* "repealed" those statutes, and that we had made it mandatory "that the statutory zone and termini method of assessment be used *regardless of special benefits.*" (Italics ours.)

We disclaim either authority or intent to repeal any statute. We disclaim any intention to hold or infer that special assessments levied on property in accordance with the zone and termini method (or any other method) can

substantially exceed the benefits received by the property from the improvement for which the assessments were made. Our quotation in *Hargreaves v. Mukilteo Water Dist., supra,* from *State ex rel. Johnson v. Dayton,* 200 Wash. 91, 98, 93 P. (2d) 909 (1939), to the effect that gross inequalities resulting from both the front-foot and zone methods do not make such methods, *ipso facto,* void, has apparently been misunderstood. The emphasis should be on the words *"ipso facto."* The property owner affected may certainly challenge any assessment at the time and in the manner provided by statute. If the assessment is substantially in excess of the benefit to the property, it should be reduced. See proposition No. 2, *infra.* The property owner should make his protest at the time and in the manner provided by statute; otherwise he may waive his right to attack the assessment. See annotation, 9 A. L. R. 634. The *Johnson* case, *supra,* was not an action by a property owner challenging an assessment, but one by a bondholder seeking to compel a reassessment so that his bonds could be paid. It was held that he, as a bondholder, could not attack the assessments, as the inequalities did not, *ipso facto,* make them void.

We justify the dictum which follows by a desire to correct certain misapprehensions relative to our holding in *Hargreaves v. Mukilteo Water Dist., supra,* and in the hope that we can thereby forestall further litigation over the assessment rolls of this local improvement district, with its attendant mounting costs. For these purposes, we set forth two propositions which are but restatements of what we have heretofore held, and then, with that background, we will discuss the extent of the power of the water district commissioners at the hearing on an assessment roll.

■ Proposition 1: *Special assessments for special benefits cannot substantially exceed the amount of the special benefits.* We use the words "substantially exceed" for the same reason that the supreme court of the United States used the words "substantial excess" in *Norwood v. Baker,* 172

U. S. 269, 279, 43 L. Ed. 443, 19 S. Ct. 187 (1898), where the court said:

"In our judgment, the exaction from the owner of private property of the cost of a public improvement in substantial excess of the special benefits accruing to him is, *to the extent of such excess,* a taking, under the guise of taxation, of private property for public use without compensation. We say 'substantial excess,' because exact equality of taxation is not always attainable, and for that reason the excess of cost over special benefits, unless it be of a material character, ought not to be regarded by a court of equity when its aid is invoked to restrain the enforcement of a special assessment."

Judge Beals, speaking for the court in *In re Sixth Avenue,* 155 Wash. 459, 471, 284 Pac. 738 (1930), said:

"It is true, as contended by respondents, that the only legal basis for a special assessment against real estate is a finding that the improvement for which the assessment is levied will result in some special benefit to the property assessed, and the assessment cannot exceed in amount the special benefits to the property, this irrespective of the size of the property, the value thereof, or the income produced thereby."

See, also, *In re Shilshole Avenue,* 94 Wash. 583, 592, 162 Pac. 1010 (1917).

The statute which authorizes local improvement districts within water districts gives the water district power to levy special assessments ". . . on all property specially benefited by any local improvement on the basis of special benefits. . . ." Laws of 1939, chapter 128, § 1, p. 362, Rem. Rev. Stat. (Sup.), § 11587.

Proposition 2: *The zone and termini method is not a method of spreading assessments without regard to benefits, but is a method of apportioning benefits; consequently, assessments under this method may be reduced to an amount that will not substantially exceed the benefits conferred.*

Area and proximity to the improvement have been generally recognized as fairly accurate criteria of the proportion of benefits derived from most types of improvements. The legislature crystallized this general concept into Rem.

Supp. 1947, § 9365, which provides that, unless otherwise indicated in the ordinance ordering the improvement, the portion of the cost and expense of the improvement chargeable against the property specially benefited by the improvement shall be assessed upon all of the property so benefited

" . . . *in accordance to the special benefits conferred on such property in proportion to area and distance back* from the marginal line of the street or other public way or area improved." (Italics ours.)

(The statute provides for five subdivisions, or zones, into which the local improvement district is divided, each of the first four being thirty feet in width and bounded by lines drawn parallel to the marginal line of the street or other public way or area improved and thirty, sixty, ninety, and one hundred twenty feet therefrom, respectively; and the fifth zone includes all property in the district more than one hundred twenty feet away from the improvement. The rates of assessment per square foot in the various zones are related to each other as are the numbers forty-five, twenty-five, twenty, ten, and five.)

It is certain that by this method (known as "zone and termini") the entire cost and expense of the improvement is spread over the property in the district in proportion to area and distance from the improvement, because both cost and expense items and the area in each of the five zones are established facts. The legislature apparently felt that, except in exceptional circumstances for which provision was made, this formula would not only distribute the costs but would fairly reflect the benefits conferred. Some exceptional circumstances are provided for by other sections of the statute relative to local improvement districts, as in the case of trunk sewers and trunk water mains (Rem. Rev. Stat., § 9367), and by providing that the ordinance or resolution ordering the improvement may specify that assessments should be without regard to the zone and termini method. See Rem. Supp. 1947, § 9365.

However, benefits, by whatever formula arrived at, are always a question of fact. *Eggerth v. Spokane,* 91 Wash.

221, 157 Pac. 859 (1916); and see proposition No. 1, *supra.* And if the special assessments placed on any property by the zone and termini method substantially exceed the benefits conferred by the improvement, they should be reduced to an amount that will reflect the benefits conferred. *Horton Inv. Co. v. Seattle,* 94 Wash. 556, 162 Pac. 989 (1917); see an excellent discussion beginning with the second paragraph on p. 559 and extending through the middle of p. 561.

Thus, the superior court for Snohomish county properly reduced the assessments on the property of the six property owners who established that their assessments under the zone and termini method (roll "C") substantially exceeded the benefits conferred. Nor was this holding in conflict with our holding in *Hargreaves v. Mukilteo Water Dist., supra.* We there held that the Hargreaves group was entitled to have its property assessed by the zone and termini method, as provided by Rem. Supp. 1947, § 9365. There was no question of assessments in excess of benefits before us at that time; nor is there now.

■ *Extent of Powers of Water District Commissioners under Rem. Rev. Stat. § 11590:* At a hearing on an assessment roll, the water district commission is authorized

" . . . to correct, revise, raise, lower, change or modify such roll, or any part thereof, and to set aside such roll and order that such assessment be made de novo, as to such body shall appear equitable and just. . . . " Rem. Rev. Stat., § 11590.

We said, in *Eggerth v. Spokane, supra:*

"The question of benefits is always a question of fact. . . . That is why the statute accords to the property owner a hearing on the question of benefits before any assessment roll is confirmed."

The commission can reduce assessments which it is convinced are substantially in excess of the benefits conferred. If it reduces some assessments, it must of necessity raise others, because under the zone and termini method the sum of all the assessments equals the cost and expense of the improvement, or that part of it to be paid by special assessments.

However, the problem with which we are here presented is whether the water district commission must adhere to the zone and termini method, subject only to the requirement that assessments on any property must not be in substantial excess of the benefits conferred thereon, or whether it can depart from that method to secure a result which "to such body shall appear equitable and just." We thus become involved in a consideration of the proportionate distribution of the assessments.

The only statements as to the basis on which benefits are to be apportioned in local improvement districts created within water districts are contained in that portion of Rem. Rev. Stat. (Sup.), § 11587, providing that water districts shall have power to levy special assessments ". . . on all property specially benefited by any local improvement *on the basis of special benefits . . .*" (italics ours); and in that part of Rem. Rev. Stat., § 11590, which provides that the water district commission shall file its roll

". . . levying special assessments in the amount to be paid by special assessment against the property situated within such local improvement district *in proportion to the special benefits to be derived by the property in such local improvement district from such improvement. . . .*" (Italics ours.)

It is, however, the law of the case as established in *Hargreaves v. Mukilteo Water Dist., supra,* that the assessments must be levied in accordance with the zone and termini method as provided in Rem. Supp. 1947, § 9365. It is there stated that the

". . . cost and expense shall be assessed upon all of said property so benefited in accordance to the special benefits conferred on such property *in proportion to area and distance back* from the marginal line of the street or other public way or area improved. . . ." (Italics ours.)

In short, under this statute—subject always to the basic rule that assessments cannot substantially exceed benefits—the assessments must be in proportion to area and proximity to the improvement.

We have said that, in cities, the statutory provision relative to hearings on assessment rolls, Rem. Rev. Stat., § 9373 (comparable in its terms to Rem. Rev. Stat., § 11590), gives the property owner the right to be heard

". . . upon the questions of benefits flowing from the construction of the improvement to his property *and the proper apportioning of benefits between his property and other property in the district.*" *In re Local Improvement Sewer Dist. No. 1,* 84 Wash. 565, 568, 147 Pac. 199 (1915). (Italics ours.)

It also provides

". . . for an equalization by the city council, with authority to correct, revise, raise, lower, change or modify the roll as shall be just and equitable." *In re Shilshole Avenue, supra,* p. 591.

It would be our view that any correcting, revising, raising, lowering, changing, or modifying must be done within the framework of the zone and termini method, and that that method cannot be abandoned on a pretext of revising, as apparently was done in this case. If a new assessment roll is to be made up apportioning special benefits without regard to the zone and termini method, it will have to be done under the authority to set aside the assessment roll and order that such assessments be made *de novo.* Rem. Rev. Stat., § 11590.

The legislature gave city councils (by Rem. Rev. Stat., § 9373) and water district commissions (by Rem. Rev. Stat., § 11590) very broad powers at hearings on special assessment rolls, even the power to set aside an assessment roll and order an assessment *de novo.* Doubtless these broad powers were given because, although the zone and termini method had demonstrated its practicability as a formula for apportioning costs and benefits with reference to many types of improvements, yet it is only a method of approximating benefits and an inflexible adherence to it might produce results that were far from equitable. Thus the assessment *de novo* need not be by the zone and termini method; otherwise the granting of the authority to order an assessment *de novo* would have no meaning, for if that

assessment must be by the zone and termini method outlined in Rem. Supp. 1947, § 9365, the result would be the same assessment roll as before if the cost of the improvement and the territory within the local improvement district remained the same.

Nor are our conclusions here in conflict with our statements in *Hargreaves v. Mukilteo Water Dist., supra,* that in levying special assessments by the zone and termini method, as provided by Rem. Supp. 1947, § 9365, the water district commissioners cannot fix special benefits in accordance with their judgment. We were not there considering what they could do when functioning under Rem. Rev. Stat., § 11590 (or § 9373, if that section be applicable).

Again recognizing that everything we have said herein since our statement that the judgment of the trial court must be affirmed is dictum, we conclude with a reiteration of that statement. The judgment is affirmed.

GRADY, C. J., MALLERY, and WEAVER, JJ., concur.

OLSON, J., concurs in the result.