[No. 34193. Department One. April 17, 1958.]

*In the Matter of the Consolidated Appeals of* DAVID JONES
*et al., From the Confirmation of the Assessment Roll of*
*Local Improvement District No. 5256 of the*
*City of Tacoma.*[1]

[1]Reported in 324 P. (2d) 259.

*Marshall McCormick, Frank L. Bannon,* and *Quinby R. Bingham,* for appellant.

*Charles W. Johnson* and *Brooks K. Johnson,* for respondents.

WEAVER, J.—The city of Tacoma appeals from a judgment that removes certain real property from the assessment roll of local improvement district No. 5256 of the city.

Respondent Englin is the owner of an unplatted tract of land located at the northeast corner of east 52nd street (which extends east and west) and east B street (which extends north and south). The tract abuts east B street for approximately 147.66 feet and east 52nd street for 115 feet. Mr. Englin's house, which faces east B street, is approximately in the center of the tract, so that no other house could be constructed on the front of this property without moving or removing the dwelling already there.

Respondent Jones is the owner of lots 10, 11, and 12, located at the northwest corner of the intersection of these two streets. His property has approximately 145 feet frontage on east B street; it extends 115 feet on east 52nd street. The Jones dwelling, which faces east 52nd street, is located in such a manner that only lot 12 and a small portion of lot 11 are used for the house; lot 10 gives an extended backyard to the Jones residence.

For a number of years, both houses have been adequately supplied with water from a six-inch water main, which extends east and west on east 52nd street. The Englin property is about three hundred feet from a fire hydrant, located at the corner of east A street and east 52nd street; the Jones property is closer. The hydrant is well within efficient operational range for adequate fire protection for both residences.

The city installed a new six-inch cast iron water main in east B street. It connected with the existing main on east 52nd street and with an existing water main, to the north, at east 50th street. A fire hydrant was installed on the northwest corner of the intersection of east 52nd street and east B street. Its installation did not lower the fire insurance rates on the two residences involved.

Together with other considerations, the trial court gave credence to the testimony of an expert witness, who testified that the improvements did not enhance the market value of respondents' properties.

The trial court found that:

". . . the installation of the new water main along East "B" Street and the new fire hydrant on the Southwest [sic] corner of East "B" and East 52nd Streets does not specially benefit the property of said appellants [respondents in this court] or enhance its fair market value."

Based on this finding of fact, the trial court removed the Englin property and lots 11 and 12 of the Jones property from the assessment roll of the local improvement district. It did not remove lot 10, because it could easily be converted into an independent building site facing east B street and, thus, it is specially benefited by the improvements.

On appeal, the city urges that the court erred when it determined that the property stricken from the assessment role was not benefited by the additional water main and fire hydrant.

Cases such as this really present two distinct questions: (a) Is the property specially benefited by the local improvement; and, if so, (b) how is this special benefit to be measured in terms of money for the purpose of assessment?

■ It is axiomatic that property not specially benefited by a local improvement may not be assessed. *In re Schmitz*, 44 Wn. (2d) 429, 433, 268 P. (2d) 436 (1954), and cases cited.

"It is the basic principle and the very life of the doctrine of special assessments that there can be no special assessment to pay for a thing which has conferred no special benefit upon the property assessed. To assess property for a thing which did not benefit it would be *pro tanto* the

taking of private property for a public use without compensation, hence unconstitutional." *In re Shilshole Ave.*, 85 Wash. 522, 537, 148 Pac. 781 (1915).

 The first question—whether the property has been specially benefited by the improvement (as distinguished from a general benefit to the entire district)—is ordinarily a question of fact. *Hargreaves v. Mukilteo Water Dist.*, 43 Wn. (2d) 326, 333, 261 P. (2d) 122 (1953), and cases cited.

 The general rule applicable to all situations is well stated in *In re West Marginal Way*, 112 Wash. 418, 421, 192 Pac. 961 (1920). The court said:

"Oftener than otherwise, it is difficult to clearly decide upon the dividing line between property that is specially benefited and that which is not, by the establishment of a new public improvement. Ordinarily, the question is one of fact, hence the respect so nearly approaching verity with which the courts endow the findings and conclusions of eminent domain commissioners. There is, however, a dividing line, and when it is plainly obvious from *the physical condition of the property involved, its locality, environment, and the character of the improvement,* that an assessment ought not to be laid upon certain property for the purpose, and that to do so would amount to an exaction from the property owner of a contribution he should not be obliged to make as a special assessment, the courts will interfere to prevent a consummation of the injustice. 25 R. C. L. 58, pp. 58 and 59. It is true that in fixing the amount of an assessment, or in determining if there would be a benefit to the property, the eminent domain commissioners should take into consideration the present as well as the future use to which the property is *reasonably* adaptable." (Italics ours.)

We agree with the city's argument that an abutting property cannot be relieved from the burden of a local improvement district assessment simply because its owner has seen fit to devote it to a *use* which may not be specifically benefited by the local improvement (*Northern Pac. R. Co. v. Seattle,* 46 Wash. 674, 91 Pac. 244 (1907)); but such is not the instant case.

 Respondents are using their property in a manner consistent with its locality and environment. It is not devoted to a special use which would, in any manner, give

support to the argument that it is not specially benefited by the local improvement. The properties are not specially benefited by the improvement for the simple reason that they now enjoy from the city the identical services for which the local improvement assessment has been made.

"Should property be not in fact benefited by an improvement by reason of the existence of a like or similar improvement from which the property derives all the benefit of the kind necessary to its use and enjoyment, usually it is not subject to assessment for the later improvement. For example, where a corner lot receives adequate water supply from pipes laid in one adjoining street it cannot be assessed for the laying of pipes in the other adjoining street from which it would receive no benefits." 14 McQuillin, Municipal Corporations (3rd ed.) 131, § 38.34.

To say that *if* Mr. Englin moved his house to the rear of the tract, he *might* build two houses on the front of the tract facing east B street and thus benefit from the new water main and hydrant is to conjure up "mere speculative benefits [that] are not, in reality, benefits." *In re West Marginal Way, supra.*

*In re Schmitz, supra,* wherein we held that the local improvement district assessments substantially exceeded in amount the value of the special benefits inuring to the property, is illustrative of the second question, which we do not reach in the instant case, for the trial court correctly concluded that respondents' properties (except lot 10) were not specially benefited by the local improvements involved.

The judgment is affirmed.

HILL, C. J., MALLERY, FINLEY, and OTT, JJ., concur.