[No. 5161–7–III. Division Three. October 11, 1983.]

*In the Matter of* INDIAN TRAIL TRUNK
SEWER SYSTEM.

WILFRED FORSGREEN, ET AL, *Respondents,* v. THE CITY
OF SPOKANE, *Appellant.*

*James C. Sloane, Corporation Counsel,* and *Marguerite Schellentrager, Assistant,* for appellant.

*Ronald Johnston* and *Donald Ward,* pro se, *James A. McDevitt, Timothy J. Giesa,* and *Reed & Giesa,* for respondents.

GREEN, J.—The City of Spokane appeals from a judgment annulling assessments against certain real property located in the Indian Trail Trunk Sewer District (LID) for the construction of a trunk sewer. The dispositive question is whether the City was entitled to rely solely upon the presumption an improvement specially benefits property located within the LID after the property owners had presented expert opinions to the contrary. We affirm.

In 1979 the City of Spokane adopted an ordinance creating a local improvement district known as Indian Trail Trunk Sewer District. The Forsgreens, Schultheises, Elstons, Wards, Johnstons and Mr. Bell owned property within the district. They were assessed a reduced amount because construction of an additional trunk line would be necessary before their property could be drained by the trunk sewer.

Following a public hearing, the city council confirmed the assessment roll by unanimous vote. On review to superior court, the assessments were annulled. The City appeals.

Our review is limited to the record of the proceedings before the council. *Abbenhaus v. Yakima,* 89 Wn.2d 855, 859, 576 P.2d 888 (1978). We are required to confirm the assessment roll unless the assessment was founded upon a fundamentally wrong basis and/or the decision of the City was arbitrary and capricious. RCW 35.44.250.

It is the City's position there is a presumption that an improvement is a benefit to land located within the LID; the assessment is no greater than the benefit; the assessment is equal or ratable to an assessment upon other properties similarly situated; and, finally, the assessment is fair. *Abbenhaus v. Yakima, supra* at 861. The burden is on the

landowners to offer sufficient evidence to prove the absence of special benefit. It is further asserted the council's decision on the assessment roll is conclusive, absent fraud or arbitrary conduct. Here the City contends the council, as trier of fact, weighed the landowners' evidence and found it insufficient to overcome the presumption; thus the court erred in annulling that decision. We disagree.

██ ██ The City is correct that it has the benefit of the *Abbenhaus* presumptions, including the presumption the City acted legally and properly. *Accord, In re Local Imp. 6097,* 52 Wn.2d 330, 324 P.2d 1078 (1958); *Cammack v. Port Angeles,* 15 Wn. App. 188, 197–98, 548 P.2d 571 (1976). Because of these presumptions, the burden of going forward with evidence rebutting those presumptions rests upon those attacking the assessment. *In re Local Imp. 6097, supra* at 334. Whether property is specially benefited by the improvement and the extent of the benefit are questions of fact, *In re Jones,* 52 Wn.2d 143, 146, 324 P.2d 259 (1958); *Hargreaves v. Mukilteo Water Dist.,* 43 Wn.2d 326, 333, 261 P.2d 122 (1953), to be proved by expert testimony. *Cammack v. Port Angeles, supra* at 197. The degree of special benefit, if any, occurring to property by reason of a local improvement is the difference between the fair market value of the property immediately before and after the improvement. Trautman, *Assessments in Washington,* 40 Wash. L. Rev. 100, 118 (1965); *In re Local Imp. 6097, supra* at 333; *In re Schmitz,* 44 Wn.2d 429, 434, 268 P.2d 436 (1954).

Here the Forsgreens, Elstons and Schultheises presented expert testimony regarding fair market value of their assessed property. T. J. Meenach, a qualified MAI appraiser, testified the fair market value of the land was not affected by the trunk sewer system because the trunk lines were too remote. John McBride, a former county assessor, stated the trunk sewer had an adverse effect upon the value of the land. No evidence was presented by the City to rebut this testimony; instead, the City chose to rely solely on the presumptions.

The contention that the city council sat as a fact finder and in weighing the evidence found the landowners' evidence inadequate to rebut the City's presumptions is without merit. A presumption is not evidence and its efficacy is lost when the other party adduces credible evidence to the contrary. *Bates v. Bowles White & Co.,* 56 Wn.2d 374, 378, 353 P.2d 663 (1960); *Bradley v. S.L. Savidge, Inc.,* 13 Wn.2d 28, 123 P.2d 780 (1942); *Key v. Cascade Packing, Inc.,* 19 Wn. App. 579, 583, 576 P.2d 929 (1978); *Tire Towne, Inc. v. G & L Serv. Co.,* 10 Wn. App. 184, 188, 518 P.2d 240 (1973); *State v. Fitzpatrick,* 5 Wn. App. 661, 667, 491 P.2d 262 (1971); *see also Amend v. Bell,* 89 Wn.2d 124, 127, 570 P.2d 138, 95 A.L.R.3d 225 (1977). Presumptions are the "bats of the law, flitting in the twilight but disappearing in the sunshine of actual facts.'" *Mockowik v. Kansas City, St. J. & C.B. R.R.,* 196 Mo. 550, 94 S.W. 256, 262 (1906). The sole purpose of a presumption is to establish which party has the burden of going forward with evidence on an issue. *Bank of Wash. v. Hilltop Shakemill, Inc.,* 26 Wn. App. 943, 948, 614 P.2d 1319 (1980). The ultimate burden of showing that land within a LID is specially benefited remains with the City.

Therefore, the trial court was correct in finding the experts' testimony was sufficient to rebut the City's presumption; the burden of proof then shifted to the City and the City failed to carry its burden by introducing evidence the landowners' property was specially benefited. The landowners' evidence was uncontroverted. To hold otherwise would make the presumptions in favor of the City conclusive and render the hearing and statutory appeal process on an assessment roll useless. Consequently, the trial court correctly determined the council's decision was arbitrary and capricious and should be annulled.

The City asserts that since the Wards, Johnstons and Mr. Bell failed to offer expert testimony at the city council hearing the presumptions were still operative as to their property. We disagree. This property was located in close proximity to the property on which expert testimony was

given. This was sufficient to shift the burden of proving special benefit to the City. It did not carry this burden.

In light of this decision, we need not reach the other contentions raised by the landowners.

Affirmed.

McINTURFF, J., and EDGERTON, J. Pro Tem., concur.

Reconsideration denied November 9, 1983.

Review denied by Supreme Court January 6, 1984.