[No. 898. Decided June 10, 1892.]

.JOHN T. MEDCALF, *Appellant,* v. W. H. BUSH AND W. D. BAKER, *Respondents.*

.APPEAL—STATEMENT OF FACTS—INSTRUCTIONS NOT IN RECORD—OWNER-
SHIP OF PERSONALITY—EVIDENCE.

Although there may be interlineations in a statement of facts, the
·statement will not be stricken from the record when it does not suf-
ficiently appear therefrom that it does not contain the facts as certified
by the judge, and when the appellant presents a perfect statement
·duly certified by the judge as of the date when the other was certi-
fied, and moves its substitution for the defective statement.

Where instructions to the jury have not been made a part of the
·record by a statement of facts or other appropriate action of the court,
;and have been sent to the appellate court by the clerk as a part of the
record, they will be stricken therefrom.

Where a span of mares has been attached as the property of a
debtor, and a third party sets up claim thereto and by uncontradicted
testimony establishes a *prima facie* title in himself, a verdict against
the claimant will not be sustained where the only evidence showing
title in the debtor is the fact that he had purchased and been in pos-
;session of the span, and his hearsay statements that he was the owner,
when the effect of the claimant's evidence was to show that the
·debtor's possession was that of an agent of the party from whom the
.claimant derived title.

*Appeal from Superior Court, Chehalis County.*

A span of mares in the possession of John T. Medcalf
·were attached in an action by W. D. Baker against H. F.
Donnelly. Medcalf, claiming the mares as his property,
delivered his affidavit and bond to the sheriff, and in a
·trial by jury of the right of property therein, with John T.
Medcalf as plaintiff and W. H. Bush, sheriff, and W. D.
Baker, as defendants, a verdict was rendered in favor of
defendants. From the judgment thereon Medcalf appeals.

*B. F. Dennison, Phil Skillman,* and *Bignold & Stinson,*
for appellant.

*J. A. Hutcheson,* and *Austin E. Griffiths,* for respondents

The opinion of the court was delivered by

Hoyt, J.—Motions to dismiss the appeal and to strike the facts from the record were interposed on behalf of the respondents. The principal ground for such motions was that the statement of facts had been interlined in such a manner as to make it impossible for this court to say what had been in fact settled by the judge as the facts in the case. An examination of the statement on file here shows that it is open to criticism in this regard, but we are not satisfied that it sufficiently appears therefrom that it does not in fact contain the facts as certified to by the judge to justify us in imposing the extreme penalty of striking the statement from the record. Especially in view of the fact that appellant presents here a perfect statement duly certified by the judge as of the date when the other was certified, and moves its substitution for the defective statement. The motions to strike the statement and dismiss the appeal must be denied.

Respondents further move to strike what purports to be the instructions of the court to the jury from the record on the ground that they are not made part of the statement of facts, nor in any manner identified by the action of the court or judge. We have held in several cases that the instructions are not a part of the record in a cause unless made so by a statement of facts or other appropriate action of the court or judge. It follows that such papers sent here by the clerk as a part of the record must be stricken therefrom.

This leaves only one question to be determined. Was there testimony introduced on the trial sufficient to sustain the verdict of the jury? The question made by the pleadings was as to the title of a certain span of horses. Plaintiff claimed to derive title from one Stubbings by purchase from him through one Hamlin, his agent, and payment of

the full value. Defendants claimed title from one Don-
nelly. The real question which the jury had to decide
was as to whom of these two persons the team belonged
before they passed into the possession of the plaintiff. The
only proof tending to show title in Donnelly was the fact
that he had some time before the alleged sale to plaintiff,
bought or traded for each of the horses, and had had them
in his possession, exercising acts of ownership, and the fact
that he had stated to several parties that he owned the en-
tire business and property connected with the livery stable
in Montesano, of which this team constituted a part. As
against this showing of title in Donnelly, the uncontra-
dicted testimony on the part of the plaintiff showed that
Stubbings, at a date about a year previous to the purchase
of the property by the plaintiff, was in possession of a
logging outfit and other property in the State of Michigan;
that Donnelly represented to him that it could be sold for
much better prices in this state than it could there, and
that such negotiations were had between them that Stub-
bings sent all of such property to this state, and arranged
with Donnelly to take charge of and sell the same, and re-
mit him the proceeds. That about four months before
said purchase by plaintiff, Stubbings came to this state,
and, with a Mr. Hamlin, called upon Donnelly to find out
what had been done in relation to said logging outfit, and
the reason why Donnelly had not remitted to him any of
the proceeds. That, in a conversation had between Don-
nelly, Stubbings and Hamlin, Donnelly stated to Stubbings
that he had used a part of the proceeds of his (Stubbings')
property in purchasing the horses in question; that he had
thought by so doing he could realize more for his principal
by a sale of the horses after getting them together and
making a matched team of them than he could have done
from the property which he traded therefor. That Stub-
bings found fault with Donnelly for having entirely ex-

ceeded his powers as his agent, but finally consented to ratify his acts and take the horses as his property. That having done this, he put Hamlin in possession of the property in place of Donnelly, and returned east. That shortly after, Hamlin, as the agent of said Stubbings, sold the horses to the plaintiff. All this testimony was, as we have stated above, entirely uncontradicted, and the only proof having any tendency whatever to affect it was the hearsay statements of Donnelly as to his ownership of the property. That such uncontradicted testimony on the part of plaintiff established *prima facie* good title in him, there can be no question, and we do not think that the testimony offered on the part of the defendants was sufficient to overcome such *prima facie* title, or even to raise a question in regard thereto sufficient to uphold a verdict of a jury finding against it. There were, doubtless, some circumstances shown on the part of the defendants which had a tendency to show wrongful and fraudulent intent on the part of Donnelly, and had there been any testimony which could bind Stubbings at all tending to establish title in him, the jury might have been justified in finding in favor of the defendants; but, as we have seen, there was no such testimony. The statements of Donnelly, not under oath, that he was the owner of the property, could have no force against the true owner. Neither could the fact that Donnelly was in possession, for, under the undisputed proofs, his possession was that of Stubbings, especially after the settlement by which he ratified the acts of Donnelly in dealing with the property entrusted to him and accepted the proceeds of such dealings.

A portion of the testimony on the part of the plaintiff consisted of a certain deposition offered in his behalf upon the trial, and it is suggested here on the part of the respondents, that such deposition was wrongfully admitted in evidence by the court below. Respondents are not in a

condition to urge this error of the court, if error it was. We think, however, that the court below committed no error in admitting the deposition. It is true that certain irregularities in the taking and placing on file of such deposition are shown by the record which would perhaps have been sufficient to authorize the court to suppress the same upon a proper motion made for that purpose, but the motion made in this case did not sufficiently designate the irregularities complained of to make it effective. For this reason, if for no other, the court ruled correctly in denying it.

It follows from what we have said, that there was no evidence in the case to sustain the verdict of the jury, and that for that reason the judgment rendered thereon must be reversed and the cause remanded for a new trial.

ANDERS, C. J., and STILES and SCOTT, JJ., concur.

DUNBAR, J., concurs in the result.