[No. 1100.  Decided March 7, 1894.]

F. L. STINSON, *Respondent*, v. MORRIS B. SACHS, *Appellant*.

PRINCIPAL AND AGENT — PROMISSORY NOTE PAYABLE TO AGENT — NECESSITY FOR ENDORSEMENT TO PRINCIPAL — AUTHORITY OF AGENT — CHALLENGE TO JUROR — PRACTICE — RECORD ON APPEAL.

Where an agent takes a promissory note payable to himself, his principal may sue on it without any endorsement.

An agent employed by the general soliciting agent of an insurance company to solicit insurance has no implied power to bind his principal by contracting with another for the rendition of similar services.

The ruling of the trial court permitting plaintiff to file a reply on the same day that defendant moves for judgment on the pleadings because of failure to reply, will not be disturbed, when there is no showing of abuse of discretion.

It is ground of challenge to a juror when he states that he knows one of the parties and would believe his statement of a fact when it was contradicted only by the statement of some witness whom he did not know.

Although a transcript on appeal may be properly certified, yet where the bill of exceptions accompanying it is a detached paper, without authentication, the supreme court will ignore the errors shown in the bill.

*Appeal from Superior Court, Jefferson County.*

*George H. Jones,* for appellant.

*Robert W. Jennings,* for respondent.

The opinion of the court was delivered by

STILES, J. — Appellant's answer admitted the execution of the note sued on, and its delivery to the payee, Marston, but denied its endorsement to the respondent.   As part of an affirmative defense it was also set up that in taking the note, which was given in payment of a life insurance premium, Marston was acting as the agent of respondent, who

seems to have been the general soliciting agent of the in-
surance company.    The evidence established this fact
clearly, and thereby obviated the point which appellant
makes that no sufficient proof was offered as to the endorse-
ment; for if Marston was respondent's agent, and took
the note payable to himself, respondent could sue on it
without any endorsement, since it was his note and not
Marston's.    The answer fully supplied what might have
been defects in the complaint, in that it did not state the
agency and allege the real payee to be respondent.

Appellant counterclaimed for services alleged to have
been rendered by him, at Marston's request, as the agent
of respondent, and gave testimony to sustain his demand;
but he did not show any authority in Marston to bind re-
spondent to a contract covering such services, and respond-
ent's testimony was that Marston had no such authority.
It was incumbent upon appellant to show the existence of
such authority when it was challenged, as the services were
not such as come within any implied authority of a mere
soliciting sub-agent.    The court withdrew the counterclaim
from the consideration of the jury, and it could not have
lawfully done otherwise.

The condition of the case left no defense to the note.
The principal points made are all covered by the disposi-
tion of the case here made.    A point is made that the court
refused to grant defendant's motion for judgment on the
pleadings, because a reply was not filed within one day after
service of the answer containing a counterclaim.    The de-
mand for this action seems to have been based on a rule of
court which is not contained in the record, and of the ex-
istence of which we are not, therefore, advised.    However,
the court, upon what seemed to it good grounds, permitted
the reply, which was filed on the same day as the motion,
to stand, and we should not interfere with its action in
that respect.

Two jurors were excused by the court because they answered that they were friends of the defendant and would believe his statement of a fact when it was contradicted only by the statement of some witness whom they did not know. Jurors have no right to let their personal knowledge of a witness weigh one way or another in their determination of a case put before them; therefore, upon the answers of these jurors they were properly excluded.

We must advert to the condition of the record in this case. The transcript comes here properly certified by the clerk, excepting that the bill of exceptions is a detached paper, without authentication, and in exceedingly bad order. The bill mentions several exhibits but one of which appears, and that one a mere loose paper without identification of any kind beyond an unsigned pencil memorandum. This court cannot accord verity to such records, and would not have reversed the judgment in this case, even had error been shown, except as it might have been found in the part of the transcript covered by the certificate. Acts, 1893, p. 126, § 14.

Judgment affirmed.

DUNBAR, C. J., and SCOTT, HOYT and ANDERS, JJ., concur.