[No. 1397. Decided June 19, 1894.]

J. S. PETERSON *et al.*, *Appellants*, v. W. F. WRIGHT *et al.*, *Respondents.*

ATTACHMENT — BOND OF CLAIMANT — FAILURE TO RETURN — VERDICT.

Where property levied upon under attachment proceedings has been released to a third person claiming the same, who makes affidavit of ownership and gives bond for the return of the property or its value, if judgment shall go against him upon the trial of title, the laches of the sheriff in returning and filing the bond and affidavit will not deprive the superior court of jurisdiction to try the question of title.

Although the verdict, when against claimant upon the trial of title to property levied upon under an attachment, should find that the claimant was not the owner and should further find its value, yet a verdict is not defective nor prejudicial when it is in favor of the attaching creditor and within the value of the property as admitted by the pleadings.

*Appeal from Superior Court, Mason County.*

*Fred. H. Peterson* (*M. Gilliam*, of counsel), for appellants.

*W. W. Likens*, for respondents.

The opinion of the court was delivered by

HOYT, J. — On June 1, 1890, one W. F. Wright commenced an attachment suit against one Thomas Johnson in the superior court of Pierce county, and levied upon property in Mason county. Said property was claimed by one J. S. Peterson, who filed his affidavit alleging absolute ownership and title to all of said property, stating its value to be four thousand dollars, and gave his bond with sureties in twice the value alleged, as required by the statute, to the sheriff of Mason county, who approved the same, and released the property to said Peterson. By mistake on the

part of the sheriff this bond was filed in Pierce, instead of Mason, county, and proceedings in that county were had thereon until prohibited by this court. After the delays incident to the suit in Pierce county, in April, 1893, the bond and affidavit were filed in the superior court of Mason county. Said Peterson, and some of his sureties, objected to the jurisdiction of the superior court of Mason county, on the ground that, owing to the laches of the sheriff in returning the bond and affidavit, such court had lost jurisdiction. The court overruled the objection, and its action in so doing is the principal error relied on upon this appeal.

In our opinion, the action of the court was right. The sheriff was an officer of the law, and we know of no reason why his mistake or laches should have the effect of discharging said Peterson or his sureties from the obligation into which they had entered, and by means of which they had obtained possession of the property. It was the duty of the sheriff to have returned the affidavit and bond as required by statute, and he could have been compelled by any one interested to have discharged his duty, and we think that, so far as the jurisdiction of the court over the subject matter is concerned, the affidavit and bond should be considered as having been on file in the proper court as of the date when it should have been returned by the sheriff.

The jury returned a verdict against the plaintiff and his sureties and in favor of said Wright and the sheriff, for a certain sum of money, and upon such verdict the court rendered a money judgment, and this action on the part of the court and jury is the other error relied upon by the appellants. The plaintiff was required by the terms of his bond to appear and establish his title to the property, and if he did not do so the jury should have so found, and should have further found the value of the property as to which he had failed to establish his claim. But, in view

of the fact that there was no contention as to the value of the property, plaintiff was not injured by the form of the verdict. The jury must have found that the claimant was not the owner of the property. The judgment rendered was for the amount of the claim of the attaching creditor and within the admitted value of the property, and was such as the statute required. We find no error which could have affected adversely the rights of the appellant.

Judgment affirmed.

DUNBAR, C. J., and SCOTT, ANDERS and STILES, JJ., concur.