[No. 2331.   Decided December 7, 1896.]

THE FIRST NATIONAL BANK OF SEATTLE, *Respondent,*
*v.* JAMES HAGAN, *Sheriff, et al., Appellants.*

EXECUTION LEVY—CLAIM OF THIRD PERSONS — TRIAL OF TITLE—PROOF OF OWNERSHIP.

In a summary proceeding instituted under Code Proc.. §491, by a claimant of property levied upon by the sheriff as the property of another, under an affidavit alleging ownership and right to immediate possession in claimant, the claimant is entitled to prove that he was in possession of the property and was holding it as security for an indebtedness due him from the execution defendant, and is not confined to proof of absolute ownership. (*Silsby v. Aldridge*, 1 Wash. 117, distinguished.)

Appeal from Superior Court, Snohomish County. — Hon. R. A. BALLINGER, Judge.   Affirmed.

*Ault & Munns,* for appellants.
*Bell & Austin,* for respondent.

The opinion of the court was delivered by

GORDON, J.—This proceeding was instituted by the respondent under Sec. 491, Code Proc.   The appellant

Hagan, as sheriff of Snohomish county, had levied upon the personal property in question as the property of one Monroe, who was indebted to the respondent. At the time of the levy, the property was in the possession of the respondent and held as security for the indebtedness owing to it by Monroe. Respondent was proceeding to sell the same for the purpose of applying the proceeds upon the debt so owing to it, and had advertised the same for sale prior to appellant's levy. The affidavit upon which the proceeding was initiated alleged that the respondent was the *owner* and entitled to the immediate possession of the property. Upon the verdict of a jury, judgment was entered in favor of plaintiff, from which defendants have appealed.

The principal ground urged for reversal is that the court erred in not confining plaintiff to proof of absolute ownership of the property in question, and in permitting it to show its right to possession based upon the facts already stated. The case of *Silsby v. Aldridge*, 1 Wash. 117 (23 Pac. 836), is cited and relied upon by appellants. In that case, the plaintiff brought replevin and his complaint alleged that he was the owner of the property involved in the action. The answer denied plaintiff's ownership, and, upon the trial which followed, the plaintiff was permitted, over the objection of defendant, to put in evidence a chattel mortgage executed by a third person to the plaintiff covering the property. We quote from the opinion:

"The testimony on the part of the plaintiffs showed that the mortgage debt was not yet due, and that the mortgage had not been foreclosed. It did not appear that the mortgaged property had ever been in the possession of the plaintiffs, but it had remained in the possession of the mortgagors until a short time previous to the commencement of the action. . . . In our judgment, the chattel mortgage under the statutes

of Washington, did not convey to the holders any title to the property in question."       •

And the court held that there was a *failure of proof* and not a mere variance, and for that reason reversed the cause.

But the present proceeding is a summary one under the statute, which provides (§ 491, *supra*), that:

"When any other person than the judgment debtor shall *claim* property levied upon or attached, he may have the right to demand and receive the same from the sheriff or other officer making the attachment or levy, upon his making an affidavit," etc.

No answer or other pleading is required upon the part of the officer. The statute (Code Proc., § 494) further provides that, "The person *claiming* the property shall be plaintiff and the sheriff and plaintiff in the execution defendants."

This court in *Chapin v. Bokee*, 4 Wash. 1 (29 Pac. 936), says of the proceeding authorized by this section, that:

"It is a proceeding somewhat summary in character, and no pleadings other than the affidavit mentioned, if that is to be considered one, seem to have been contemplated. It is irregular in any view that can be taken of it. Doubtless the defendants in such proceedings can contest the claim and *introduce evidence to contradict evidence of the plaintiff*. If it had been intended to require them to file an answer, most likely the plaintiff would have been required to file a complaint, and some time would have been specified within which an issue should have been formed in this manner. *It would be straining the rules of pleading considerably to hold the affidavit to be a complaint.*"

See, also, *Freeburger v. Gazzam*, 5 Wash. 772 (32 Pac. 732.)

What the statute in question authorizes to be liti-

gated is the "claim" of any person, other than the judgment debtor, to the property levied upon or attached. And the word "claim," as used in the statute, is sufficiently broad to admit proof of the character relied upon by respondent herein. Inasmuch as no pleadings are required upon the part of the parties in a proceeding under the statute, it would be contrary to the spirit of the statute to apply the rules of pleading applicable to replevin, and, under §§ 217 and 220 of the Code, we would not be warranted in reversing the judgment upon the grounds of alleged variance.

Upon the evidence adduced at the trial, we think that plaintiff was entitled to recover; the verdict was right and the judgment must be affirmed.

HOYT, C. J., and ANDERS, SCOTT and DUNBAR, JJ., concur.