[No. 3475. Decided June 30, 1900.]

WASHINGTON NATIONAL BANK, *Respondent,* v. W. H. MOYER, *as Sheriff of King County, et al., Appellants.*

TRIAL—DIRECTING VERDICT.

In an action by a bank to establish its claim of title to certain hops which had been levied upon as the property of a firm of hop merchants, the bank is entitled to a directed verdict in its favor, when the undisputed evidence shows that, owing to the extent of the firm's indebtedness to the bank, the latter refused to loan it any more money, but made an agreement that one of the firm should become the agent for the bank in the purchase of hops, and that the old indebtedness of the hop company should be credited with the net profits arising from their sale; and that the hops in controversy were purchased for the bank under such arrangement; and the fact that the books of the bank exhibited the account of the hop firm as one of ordinary advances and loans, and credits to that account of all profits on the sale of hops, and that a contract introduced in evidence was a memorandum of sale of a portion of the hops from the owner to the hop firm, would not overcome such undisputed testimony as to the title to the hops so as to make it a question for the jury, when it was further shown that the account in the bank books was kept in the form in which it appeared for convenience and that the seller of the hops, whose memorandum of sale was made to the hop firm, was paid directly by the bank upon an order signed as agent by the member of the firm acting as the bank's agent.

Appeal from Superior Court, King County. — Hon. WILLIAM HICKMAN MOORE, Judge. Affirmed.

*Allen & Allen,* for appellants.

*Piles, Donworth & Howe,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—The appellant Allen was the owner of a judgment against Robert and George Livesley and a co-partnership existing between them, known as the Pacific

Hop Company. In November, 1898, an execution was issued upon the judgment and delivered to appellant Moyer, then sheriff of King county, who levied upon seventy bales of hops and took the same into his possession. Thereupon the respondent bank claimed the property by filing its affidavit of claim and executing the bond required by statute, and the cause was thereafter tried upon the affidavit which constituted the pleadings in the case. The undisputed evidence at the trial showed that the Pacific Hop Company had been doing its banking business at the respondent bank prior to August 23, 1898, and at that date the hop company was indebted to the bank in about the sum of $6,000; that Livesley, who was managing the hop company, applied to the bank for further loans, which were declined; that Livesley thereupon entered into an arrangement with the bank whereby he, as agent for the bank, should buy hops for the bank; that the hops should be sold, and, after the bank had deducted from the amount received for the hops the original cost of the hops and a sum equivalent to the interest on the money of the bank while it held the hops, and expenses incident to the purchase and sale thereof, it should credit the surplus proceeds upon the old indebtedness of the hop company, or Livesley, to the bank. In pursuance of the agreement, the hops in controversy were bought by the bank through the agency of Livesley. The bank furnished the money to pay for the hops and paid to the owners of the hops the purchase price. The undisputed evidence of all the witnesses shows that by the agreement Livesley was not to acquire any title to the hops; that the purchases were made for and on account of the bank; but the books of the bank exhibited the account of the hop company or Livesley as one of ordinary advancements and loans to Livesley, and credits to his account of all profits on the sale of hops, and

a contract with one of the owners of hops introduced in evidence was a memorandum of sale from the owner to the Pacific Hop Company. At the conclusion of the trial appellants moved for a non-suit, which motion was overruled, and the court thereupon directed a verdict for respondent. Motion for a new trial by appellants was thereafter overruled.

The vital question presented here is the direction of the verdict for respondent. In *Sires v. Newton,* 1 Wash. T. 356, it was held that, where A. in his own name, but as the agent of B., purchased chattels for B., such chattels are the property of B., and a seizure of the same under an execution against the property of A. is wrongful, and no interest passes by virtue of a sale under such execution. In *Stinson v. Sachs,* 8 Wash. 391 (36 Pac. 287), it was held that a principal could recover on a promissory note made payable to his agent, and that no indorsement of the note to the principal was necessary. In Mechem on Agency, p. 623, note 1, it is stated:

" 'In case of a purchase or exchange of goods of an agent even if the principal be not disclosed, or the bill of sale be made to the agent himself, the property, immediately upon the execution of the contract, rests in the principal.' "

The same principle is again stated in *Medcalf v. Bush,* 4 Wash. 386 (30 Pac. 325).

Counsel for appellants maintain that it should have been submitted to the jury whether the inferences to be drawn from the face of the bank books and the memorandum of sale of a portion of the hops to the hop company overcame the undisputed testimony of all the witnesses as to the title to the hops; that is, that the question of the bank's title should have been submitted to the jury. But the explanation of the books was that for convenience the account was

kept in the form in which it appeared, and in the hop sale, though the memorandum upon its face was with the hop company, the owner was paid directly by the bank, and he understood that the sale was effective only upon the payment, and all orders on the bank were signed by Livesley as agent. Any inferences that might be raised upon the face of the bank books and the memorandum are not sufficient to make doubtful the evidence of respondent's title to the hops, and are not sufficiently substantial, standing alone, to require the case to be submitted to the jury. The court therefore properly directed the verdict, and the judgment is affirmed.

DUNBAR, C. J., and FULLERTON, J., concur.