[No. 35083.   Department One.   June 23, 1960.]

MATHEL BATES, *Respondent*, v. BOWLES WHITE & COMPANY, INC. *et al., Appellants.*[1]

[1]Reported in 353 P. (2d) 663.

*Lycette, Diamond & Sylvester* and *Martin L. Wolf*, for appellants.

*Wettrick, Flood, O'Brien, Toulouse & Lirhus* (*George J. Toulouse, Jr.* and *Ralph C. Hove*, of counsel), for respondent.

WEAVER, C. J.—The fundamental question to be resolved is whether the record presents a "genuine issue as to any material fact." If it does, the case must be submitted to a jury for determination. Defendant appeals from a summary judgment entered by the court, "a jury panel having been called and waiting in attendance."

The pleadings, depositions, affidavits, and exhibits present these facts:

March 20, 1957, plaintiff Mathel Bates purchased a tuna fishing boat, the D.V. "Flo," for $10,500; the bill of sale vested title in her. Plaintiff later paid a promissory note secured by the preferred ship's mortgage given the vendor.

Mr. Bates, plaintiff's husband, consulted Mr. David Storey, an officer of the defendant corporation licensed as an insurance broker under the laws of the state of Washington, who advised Mr. Bates that port risk insurance would be appropriate until the vessel was in operating condition. Port risk insurance was procured from Coast Underwriters Insurance Company. Thereafter, upon the request of plaintiff's husband, defendant arranged for an extension of the

port risk coverage insurance on the vessel while it was taken to the Neah Bay area for a four- or five-day trial run. The admissibility and effect of the conversations and negotiations between Mr. Bates and Mr. Storey constitute the crux of this appeal.

May 31, 1957, plaintiff received the following letter and invoice:

"Bowles White & Company, Inc.,
Insurance
566 Dexter Horton Building
Seattle 4,
May 31, 1957
Mrs. Mathel Bates
2910 B Fuhrman Avenue
Seattle, Washington
Dear Mrs. Bates:
We are enclosing our invoice for the All Risk Hull Insurance in the amount of $10,500. which you ordered. *As soon as we have a chance to talk with you and determine the area in which coverage is going to be required, we will issue the policy and forward it to you.*
There may be some adjustment in the premium depending upon the location.
Cordially yours,
DAVID S. STOREY
eh
Enclosure" (Italics ours.)

\* \* \* \* \*

"Invoice
Bowles White & Company, Inc.
Insurance
May 31, 1957

Mrs. Mathel Bates
2910 B Fuhrman Avenue
Seattle, Washington

| Term | : | Coverage | : | Premium |
|---|---|---|---|---|
| From 3/21/57 To 3/21/58 | | Hull Insurance | | $577.50 |

Coast Underwriters Policy."

June 20, 1957, the D.V. "Flo" went aground on the coast near Eureka, California. June 21, 1957, Mr. Bates orally notified defendant of the vessel's loss. June 22, 1957, Mr. Storey informed plaintiff that the vessel was not covered by insurance. Thereafter, plaintiff tendered payment of

the insurance premium and the surveyor's charge. Defendant returned the tender and advised plaintiff that

". . . it was contemplated that the vessel would be covered for one year by a Coast Underwriters policy for the Puget Sound area. There was never any contemplation or any intention to insure this vessel for any place other than the Puget Sound area. No policy had ever been written inasmuch as there was not a meeting of the minds as to what was to be covered, and the extent of coverage and the area of coverage."

Plaintiff commenced this action. December 1, 1958, plaintiff filed a motion for summary judgment, supported by numerous exhibits. December 15, 1958, defendant filed an affidavit in opposition to the motion for summary judgment. Subsequently, a pre-trial order was entered by a judge other than the one to whom the case was later assigned for trial. The pre-trial order, among other things, established that:

(a) ". . . plaintiff was the sole owner of the D.V. 'Flo'."

(b) "That the defendant did not at any time through any of its officers or agents during the year 1957, procure or attempt to procure through COAST UNDERWRITERS LTD., marine hull insurance of any description covering the vessel D.V. 'FLO' for the period May 31, 1957 to March 21, 1958"; and

(c) ". . . that the defendant did not at any time subsequent to May 30, 1957, through any of its officers or agents notify or attempt to notify the plaintiff, MATHEL BATES, that they had not procured any type of marine hull insurance on the vessel D.V. 'FLO'."

Defendant filed written exceptions to the pre-trial order on the grounds: (1) that no notice of the intention of the court to conduct a pre-trial hearing had been given; and (2) the three findings set forth above should not have been made. These exceptions constitute defendant's (appellant's) first assignment of error.

■ Appellant (defendant) assigned error, but has not argued in its brief that it was not informed of a pre-trial conference. We cannot consider this portion of appellant's

first assignment of error. *San Juan County v. Hage,* 54 Wn. (2d) 419, 421, 341 P. (2d) 872 (1959), and cases cited.

The pre-trial order determined that Mrs. Bates was the sole owner of the vessel. Appellant contends that this is a disputed issue of fact because all property acquired during coverture is presumed to be community property. Respondent urges that this presumption was rebutted by Mr. Bate's deposition, Mrs. Bate's affidavit, the bill of sale, and the preferred ship's mortgage—all indications of Mrs. Bate's sole ownership.

█ The effect of a presumption on a motion for summary judgment is discussed in 6 Moore, Federal Practice (2d ed.) 2086, § 56.11 [10]:

"Presumptions, then, operate for both the moving and opposing party. If on the established facts and giving the same effect to presumptions that they would have at trial, the party moving for summary judgment would be entitled to a directed verdict then he is entitled to summary judgment; otherwise not."

A presumption is not evidence; its efficacy is lost when the opposite party adduces *prima facie* evidence to the contrary. *Kay v. Occidental Life Ins. Co.,* 28 Wn. (2d) 300, 183 P. (2d) 181 (1947); *Gardner v. Seymour,* 27 Wn. (2d) 802, 180 P. (2d) 564 (1947).

█ The deposition, affidavit, and other mentioned documents contain *prima facie* evidence that Mrs. Bates was the sole owner of the vessel; therefore, the presumption that it is community property lost its efficacy, and summary disposition of the issue was appropriate.

█ The pre-trial order contains findings (quoted *supra*) that the appellant did not attempt to procure insurance for the period of May 31, 1957, to March 21, 1958; and that appellant did not advise respondent that as her agent he had failed to obtain hull insurance on the vessel. Appellant contends that these findings are immaterial and outside the pleadings in the case. We agree with respondent that the findings are material because a broker or agent is liable for failure to perform a contract to procure insurance and for failure to notify the owner of the property that he cannot

obtain the insurance. 29 Am. Jur., Insurance, §§ 163, 164; 2 Couch, Cyclopedia of Insurance Law, § 481; 29 A. L. R. (2d) 171.

We conclude that appellant's first assignment of error is not well taken.

Appellant's second assignment of error is directed to the trial court's entry of summary judgment. The assignment is based on the claim that the record presents genuine issues of material facts that must be submitted to a jury for determination.

Rule of Pleading, Practice and Procedure 56 (c), RCW Vol. 0, provides that a summary judgment shall be

" . . . rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that *there is no genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law. . . ." (Italics ours.)

This court has discussed the application and limitation of this rule in recent opinions. Reference to them is sufficient. *Thoma v. C. J. Montag & Sons., Inc.,* 54 Wn. (2d) 20, 337 P. (2d) 1052 (1959); *Mayflower Air-Conditioners, Inc. v. West Coast Heating Supply, Inc.,* 54 Wn. (2d) 211, 339 P. (2d) 89 (1959); *Preston v. Duncan,* 55 Wn. (2d) 678, 349 P. (2d) 605 (1960).

In so far as these cases are germane to the instant case, they are well summarized in 6 Moore, Federal Practice (2d ed.) 2101, § 56.15 [1], as follows:

"The function of the summary judgment is to avoid a useless trial; and a trial is not only not useless but absolutely necessary where there is a genuine issue as to any material fact. In ruling on a motion for summary judgment the court's function is to determine whether such a genuine issue exists, not to resolve any existing factual issues. . . ."

There is a sharp conflict in the record as to what geographical restrictions, if any, were to be included in the all risk hull insurance. Assuming, without deciding, that the letter of May 31, 1957, is a contract for hull insurance, the express terms of the letter purport to leave "the area in which coverage is going to be required" for future determination.

To support the position that the hull insurance covered the Pacific coast, the respondent relies upon (1) the term "all risk," and (2) statements made during a conversation between Mr. Bates and Mr. Storey.

■ The term "all risk" has no bearing on this question. The insurance protection afforded against danger or risk is a subject entirely independent of the geographical area in which the policy operates.

■ Mr. Bates averred that it was understood in conversations with Mr. Storey that the vessel was to be used to fish on the Pacific coast. Mr. Storey denied this, and stated that his company does not procure Pacific Coast Trading Warranties. Evidence concerning the operational area is not excluded by the parol evidence rule. *Buyken v. Ertner*, 33 Wn. (2d) 334, 344-45, 205 P. (2d) 628 (1949).

■ We conclude, therefore, that the record presents genuine issues of material fact which must be presented to a jury for determination; hence, the summary judgment is reversed and the case remanded to the superior court.

Costs of this appeal shall abide the final disposition of the action. Rule on Appeal 55 (1) (b), RCW, Vol. 0.

MALLERY, DONWORTH, FINLEY, and OTT, JJ., concur.