[No. 35260.    Department One.    September 29, 1960.]

JACK G. COGSWELL *et al., Respondents,* v. CAMPBELL CON-
STRUCTION & EQUIPMENT COMPANY, *Defendant,* GEORGE
CHICHA, *Appellant.*[1]

*Keith, Winston & Repsold* and *Emmett J. Shearer,* for
appellant.

*Dellwo, Rudolf & Grant,* for respondents.

WEAVER, C. J.—Defendant George Chicha appeals from a
summary judgment in the sum of $540.

Plaintiffs commenced this action against the Campbell
Construction and Equipment Company, a corporation, and
George Chicha, an employee and project manager of the
company, for damages to their land caused by defendants'
trespassing while they engaged in construction of govern-
ment facilities on land adjacent to the plaintiffs' land.

Defendants joined in an answer which denied the ma-
terial allegations of the complaint and set up certain
affirmative defenses.

May 1, 1957, an arbitration agreement was executed to
determine the amount of damages suffered by plaintiffs.

[1]Reported in 355 P. (2d) 546.

The following agreement was signed by the plaintiffs and the construction company:

"Admitting no liability
"CAMPBELL CONSTRUCTION & EQUIPMENT COMPANY
"By s/ George Chicha
"

George Chicha"

Defendant Chicha signed the arbitration agreement only as agent of the Campbell Construction and Equipment Company; he did not sign in his individual capacity, although the agreement had two places requiring his signature.

The arbitrators fixed plaintiffs' damages at $540. Pursuant to the arbitration agreement, a consent judgment in this amount was entered March 28, 1958, against the Campbell Construction and Equipment Company.

March 18, 1959, plaintiff filed a motion for judgment on the pleadings or, in the alternative, for summary judgment against defendant Chicha. The motion is based upon the arbitration agreement and the pleadings; it is not supported by affidavit. Defendant Chicha filed an affidavit in opposition to the motion; it is uncontroverted.

The trial court granted plaintiffs' motion for summary judgment. Mr. Chicha appeals and contends that (1) he did not sign the arbitration agreement in his individual capacity; (2) he did not participate in the alleged trespass; and (3) his answer and affirmative defenses raise genuine issues as to material facts that can be resolved only by trial, not by a motion by plaintiffs for summary judgment.

■ We agree. Not having signed the arbitration agreement, we cannot say, on the record before us, that Mr. Chicha is bound by it as a matter of law. A servant cannot be deprived of his day in court by his master's admission of liability. We believe it significant that the judgment entered March 28, 1958, pursuant to the arbitration agreement, did not include Mr. Chicha.

■ Further, we agree that the pleadings are sufficient to put the plaintiffs to their proof as to the liability of each

defendant, the one on the basis of direct responsibility, the other on the theory of *respondeat superior*. As to Mr. Chicha, the record still discloses genuine issues of material facts which cannot be resolved by a motion for summary judgment. *Bates v. Bowles White Co.*, ante p. 374, 353 P. (2d) 663 (1960), and cases cited.

The judgment is reversed.

MALLERY, DONWORTH, OTT, and HUNTER, JJ., concur.