[No. 786-2.    Division Two.    December 13, 1973.]

TIRE TOWNE, INC., *Respondent,* v. G & L SERVICE COMPANY, *Defendant,* FARISH & GUNTHER, INC., *et al., Appellants.*

KENNETH D. OWEN *et al., Plaintiffs,* v. G & L SERVICE COMPANY, *Defendant,* FARISH & GUNTHER, INC., *et al., Appellants.*

*Howard V. Doherty,* for appellants.

*Gerard Johnson, G. B. Chamberlin,* and *Chamberlin & Johnson,* for respondent.

PEARSON, C.J.—This appeal involves a consideration of the procedures under RCW 6.20.010 for establishing a claim of ownership of property attached by a judgment creditor. The claimant, Farish & Gunther, Inc., was denied relief by the trial court and contends on appeal that competent substantial evidence does not support the ruling in favor of the judgment creditor, Tire Towne, Inc. We agree with claimant's contention.

Tire Towne, Inc., obtained two judgments[1] against G & L Service Company, a logging company operating in Clallam County. To enforce the judgments Tire Towne caused the sheriff of that county to attach a trackloader found to be in possession of the judgment debtor—a machine which bore the debtor's name, "G & L Service Company." The execution took place in May 1971. On June 4, 1971, the claimant, Farish & Gunther, Inc., filed an affidavit and bond with the sheriff pursuant to RCW 6.20.010[2] claiming ownership of

---

[1] One of the two judgments was obtained by assignment from Northwest Truck Supply.

[2] RCW 6.20.010 provides:

"When any other person than the judgment debtor shall claim property levied upon or attached, he may have the right to demand and receive the same from the sheriff or other officer making the attachment or levy, upon his making an affidavit that the property is his, or that he has a right to the immediate possession thereof, stating on oath the value thereof, and giving to the sheriff or officer a bond, with sureties in double the value of such property, conditioned that he will appear in the superior court of the county in which the property was

the trackloader and demanding that the sheriff return the property. The affidavit asserted that the machine had a value of $15,000 and the bond was, pursuant to the statute, double that amount.

The bond was conditioned that claimant would make good its title within 10 days. Within that time, Farish brought the matter on for hearing before the Clallam County Superior Court by filing a "Notice of Issue of Fact" in the two cause numbers under which Tire Towne had obtained the judgments. The nature of the action was entitled "Setting for hearing adverse claim to property seized under writ of execution."

Tire Towne challenged the jurisdiction of the trial court to hear the matter and makes the same challenge on appeal. That challenge is twofold. First, it is contended that Farish did not commence an action independent of the actions in which the judgments had been obtained and without such independent suit, the court lacked jurisdiction. Second, at the time the matter came on for hearing, the sheriff had not yet filed the bond and affidavit with the county clerk as required by RCW 6.20.030.[3] This failure, it is contended, also deprived the trial court of jurisdiction.

■ In regard to this latter defect, the trial court allowed a late filing of the affidavit and bond and proceeded with the trial on the issue of ownership of the trackloader. We approve this exercise of discretion. Farish should not be denied its day in court because of an omission by the sheriff of a statutory duty. RCW 6.20.030. *State ex rel. Peterson v. Superior Court,* 6 Wash. 417, 34 P. 151 (1893); *Peterson v. Wright,* 9 Wash. 202, 37 P. 419 (1894).

■ Nor do we find any merit in Tire Towne's contention that a new and independent action must be com-

seized, within ten days after the bond is accepted by the sheriff or other officer, and make good his title to the same, or that he will return the property or pay its value to the said sheriff or other officer."

[3]RCW 6.20.030 provides:

"The officer shall return the affidavit, bond and justification, if any, to the office of the clerk of the superior court, and this case shall stand for trial in said court."

menced in order to invoke the court's jurisdiction. RCW 6.20.010 affords a summary proceeding for prompt return to the owner of property wrongfully seized and a bond to protect the attaching creditor in the event claimant does not establish title. The statute does not require formal pleadings other than the affidavit (*First Nat'l Bank v. Hagan,* 16 Wash. 45, 47 P. 223 (1896)) and the only issue to be determined is whether title and right of possession of the property is in the claimant. *Medcalf v. Bush,* 4 Wash. 386, 30 P. 325 (1892).

RCW 6.20.030 imposed upon the sheriff the duty of filing the affidavit and bond with the clerk of the superior court and upon that filing, Farish was required to "make good" its title within 10 days in the superior court. RCW 6.20.010. Farish acted promptly to note the matter for trial and we perceive no reason why this should not have been filed under the two existing cause numbers.

It is true that had the sheriff made the required filing of the affidavit and bond with the clerk, a new cause number would have been assigned, and an "independent action" commenced. We do not find, however, that the statute makes the independent action mandatory. To accept the contention that the court's jurisdiction fails on such a technical ground would require us to allow form to prevail over substance without reason or logic. This we refuse to do. We hold that Farish substantially complied with the statutory procedures and the trial court properly exercised its discretion in proceeding with the trial on the merits.

We are persuaded, however, that substantial competent evidence does not support the trial court's ruling on the merits and that the judgment must be reversed.

In support of its claim of title, Farish offered (1) the testimony by its president that it owned the trackloader; (2) a bill of sale executed to it by Rasmussen Machine Company of Seattle, dated June 10, 1969; (3) certain documents and testimony demonstrating that the trackloader had been subject to a security agreement with a bank to secure a loan in August 1970; (4) testimony that the track-

loader was in the debtor's possession under an oral lease agreement; and (5) testimony that by custom, lessees of such equipment place their name upon the equipment as the debtor had done in this case.

In the face of this evidence, we hold that any presumption of ownership existing by virtue of the debtor's possession lost its efficacy and was no longer available to Tire Towne in support of its claim that the debtor owned the property.[4]

The applicable rule was succinctly stated in *Bates v. Bowles White & Co.*, 56 Wn.2d 374, 378, 353 P.2d 663 (1960): "A presumption is not evidence; its efficacy is lost when the opposite party adduces *prima facie* evidence to the contrary." (Citing cases.) *See generally* 5 A.L.R.3d 19 (1966). The evidence adduced by Farish not only was prima facie evidence but was substantial evidence of its ownership claim.

In an attempt to establish title in the debtor, Tire Towne called a deputy Clallam County assessor, who identified a document which had been filed with the assessor. The document was entitled "1970 Listing of Personal Property" and was purportedly made for tax purposes pursuant to RCW 84.40.185 and RCW 84.40.190. This filing described the trackloader in question and was accompanied by an affidavit which stated:

> I declare under the penalties of perjury that this return . . . has been examined by me and to the best of my knowledge and belief is a true, correct, and complete listing of all taxable personal property (including consigned merchandise and leased equipment) in Clallam County owned, held or controlled by the undersigned taxpayer.
> Date: March 23, 1970
>
> | | |
> |---|---|
> | Taxpayer | *G & L Service Company* |
> | By | */s/ Charles Lamb*[5] |
> | Title | *President* |

---

[4]There is no evidence that Tire Towne, Inc. was aware of the existence of the trackloader prior to judgment. Consequently, we are not concerned with estoppel or any other such equitable theory.

[5]Farish's president testified that he had requested Lamb to make a filing with the assessor on behalf of Farish.

There was a portion of this document where leased equipment belonging to others could be itemized. This portion had been left blank.

This exhibit was admitted over Farish's objection that it was hearsay, privileged, and was only secondary evidence at best. Furthermore, there was no attempt made to authenticate the signature of Mr. Lamb. There was testimony that a Charles Lamb was the president of G & L Service Company; however, he was not called as a witness and no testimony was offered as to his availability.

In support of its conclusion that Farish had not sustained the burden of establishing its ownership, the trial court entered a finding indicating its reliance on the above-mentioned tax filing with the assessor as well as the presumption of ownership by virtue of possession previously discussed:

> The evidence shows at time of Execution, the Trackloader levied upon was in the possession of the judgment debtor, G & L Service Company, and had been for a long period of time and was being used by it in its logging operations. That the Trackloader was declared by Charles Lamb, President of G & L Service Company to be the property of G & L Service Company on the detail sheet supplied to the Clallam County Assessor and was taxed by Clallam County as property of G & L Service Company. Charles Lamb was not called as a witness.

In our view the tax filing should not have been admitted. Even if we assume, arguendo, that some exception to the hearsay exclusionary rule should apply, there remain two defects in the document that would render it worthless as evidence of title in the debtor.

In the first place the affidavit purportedly signed by the president of G & L Service Company does not constitute an affidavit of ownership. It is simply an affidavit of "taxable personal property" situated in the county, including "leased" and "owned" property. The column under which the trackloader is listed on the form is simply entitled "Itemized Listing of Machinery and Equipment." At best,

one would have to assume that because a separate listing appears for leased equipment, the preparer was claiming to be the owner of the property. But this inference would be reasonable only if the form had one place for listing owned property and another for leased property. This is not the case.

■ Second, the signature of the preparer was never authenticated. The deputy assessor was not able to testify from his personal or first-hand knowledge that the signature was in fact authentic. The usual public record sought to be introduced as an exception to the hearsay rule has been prepared by a public official who had a duty to make it. Its reliability is based upon that assumption. *See* C. McCormick, *Law of Evidence* § 315 (2d ed. 1972). Where the official has neither prepared the document nor from first-hand knowledge can authenticate its preparer, a proper foundation for its admissibility has not been laid.

■ Furthermore, we agree with Farish, that the hearsay exclusionary rule is applicable to the document in question. The tax filing was offered not for the purpose of proving that a filing had been made with the assessor, but for the purpose of proving the alleged claim of ownership contained therein. The preparer was not subject to cross-examination as to the factual basis for this asserted conclusion and the filing should have been excluded. *See State ex rel. Carroll v. Gatter*, 43 Wn.2d 153, 260 P.2d 360 (1953).

The consideration of and reliance by the trial court upon a presumption which had lost its efficacy, and upon an inadmissible exhibit, compels that we reverse the judgment and remand the case for a new trial.

We are not inclined to accept the contention that Farish is entitled to judgment as a matter of law. Farish carries the burden of proof on the issue of title. A question of credibility arises by virtue of the fact that Jerome C. Gunther, president of Farish, was also secretary-treasurer of the judgment debtor, G & L Service Company. While Gunther admitted only a nominal relationship with G & L Service Company, it is for the trial court to determine

whether that fact affects his credibility as the principal witness on behalf of Farish.

Reversed and remanded for a new trial.

PETRIE, J., and RYAN, J. Pro Tem., concur.