## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE STATE OF WASHINGTON,

                    Respondent,

          v.

PATRICK W. ZEITZ,

                    Appellant.

No. 81107-0-I

DIVISION ONE

UNPUBLISHED OPINION

COBURN, J. — Patrick W. Zeitz appeals his conviction for two counts of child molestation in the first degree. He contends the trial court erred in admitting a certified copy of Zeitz's driver's license and that the prosecutor engaged in misconduct. We disagree. Accordingly, we affirm.

<u>Hearsay</u>

At trial, the State sought to admit a Department of Licensing certified copy of Zeitz's driver's license to prove that he was at least 36 months older than the victim.[1] The court admitted the public record over Zeitz's objection that the date of birth on the license was inadmissible hearsay. We review a trial court's decision to admit evidence for abuse of discretion. Brundridge v. Fluor Fed. Servs., Inc., 164 Wn.2d 432, 450, 191 P.3d 879 (2008). A trial court abuses its

---

[1] RCW 9A.44.083(1) provides, "A person is guilty of child molestation in the first degree when the person has . . . sexual contact with another who is less than twelve years old . . . and the perpetrator is at least thirty-six months older than the victim."

Citations and pin cites are based on the Westlaw online version of the cited material.

discretion if its decision was manifestly unreasonable, exercised on untenable grounds, or made for untenable reasons. State v. C.N.H., 90 Wn. App. 947, 949, 954 P.2d 1345 (1998).

We previously rejected the same argument in C.N.H., 90 Wn. App. 949-50. It is well settled that RCW 5.44.040 provides that certified copies of public records are admissible as an exception to the hearsay rule. It is also well settled that driving records, including driver's licenses, are admissible as public records because they are "prepared by a public official and contains facts of a public nature" and "does not contain conclusions involving the exercise of judgment or discretion or the expression of opinion." State v. Bajardi, 3 Wn. App. 2d 726, 731-32, 418 P.3d 164 (2018). See also State v. Chapman, 98 Wn. App. 888, 890, 991 P.2d 126 (2000) (citing State v. Monson, 113 Wn.2d 833, 836-39, 784 P.2d 485 (1989)). Accordingly, the trial court did not abuse its discretion in admitting the certified copy of the license.

## Prosecutorial Misconduct

Zeitz, who did not object at trial, contends on appeal that the prosecutor engaged in misconduct during closing arguments by stating the standard of proof of beyond a reasonable doubt "[is] not an implausible or unobtainable standard. What you will be doing in that jury room is something that jurors, just like you, have done for centuries, have deliberated, have come to a decision. It happens every single day in our country."

A prosecutor commits misconduct by trivializing the State's burden of proof by " 'compar[ing] the reasonable doubt standard to everyday decision

2

making.' " State v. Lindsay, 180 Wn.2d 423, 436, 326 P.3d 125 (2014) (quoting State v. Lindsay, 171 Wn. App. 808, 828, 288 P.3d 641 (2012)). When the defendant fails to object at trial, he waives the error unless he can show the misconduct was "so flagrant and ill[-]intentioned that an instruction could not have cured the resulting prejudice." Id. at 430.

To demonstrate the prosecutor's statement was improper, Zeitz relies on our unpublished[2] decision in State v. Cox, No. 78398-0-I, slip op. (Wash. Ct. App. Feb. 3, 2020) (unpublished), http://www.courts.wa.gov/opinions/pdf/783980.pdf. The prosecutor in Cox said, "The standard of proof in this case is 'beyond a reasonable doubt,' and it is the same standard that is applied in every criminal case across the State of Washington and [ ]juries convict on that standard every day." Cox, No. 78398-0-I, slip op. at *12. We determined it was improper for the prosecutor to suggest juries convict under the reasonable doubt standard every day but determined "the prosecutor's statements were not prejudicial in the context of the entire record," and the trial court provided a curative jury instruction. Id. at *36.

Although the prosecutor in the instant case talked about juries making "decisions" every day, as opposed to "convict" every day, it was still improper because juries need not make any decision. However, Zeitz has not shown that

---

[2] "Washington appellate courts should not, unless necessary for a reasoned decision, cite or discuss unpublished opinions in their opinions." GR 14.1(c). "However, unpublished opinions of the Court of Appeals filed on or after March 1, 2013, may be cited as nonbinding authorities, if identified as such by the citing party, and may be accorded such persuasive value as the court deems appropriate." GR 14.1(a).

the prosecutor's improper statement was so flagrant and ill-intentioned that a jury instruction could not have cured any resulting prejudice. See State v. Emery, 174 Wn.2d 741, 760-65, 278 P.3d 653 (2012) (determining the prosecutor engaged in misconduct by shifting the burden of proof and mischaracterizing the role of the jury, but the defendant could not demonstrate the prosecutor's improper statements were incurable or prejudicial).

Accordingly, we affirm.

_____
Coburn, J.

WE CONCUR:

_____          _____
Bowman, J.                          Smith, J.