[No. 5506–1.   Division One.   May 30, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. KENNETH CONRAD BERNHARDT, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. DONALD LEONARD CULPEPPER, *Appellant.*

*Jones & Young* and *Walter C. Wagner,* for appellants.

*Robert E. Schillberg, Prosecuting Attorney,* and *Thomas J. Wynne, Deputy,* for respondent.

SWANSON, J.—Kenneth Conrad Bernhardt and Donald Leonard Culpepper consolidate appeals of convictions of robbery in the first degree, contending the trial court erred by denying motions to dismiss based upon the destruction

of evidence without disclosure to the defense. We disagree, and affirm.

Sometime between 12:30 and 1 a.m. on September 1, 1976, two men entered the Olivia Park Market with stockings over their heads. Two employees were present. One man, tall, with a gun, ordered an employee to empty the cash register into a sack. This man then told his accomplice to pull the store's telephone from the wall, which he did. The men then fled with the money.

During investigation a set of fingerprints was lifted from the telephone. After examination, a police department fingerprint specialist concluded the prints were illegible and of no value. The prints were destroyed before the defense had an opportunity to have them examined. Prior to trial and also after the close of the State's case, defense counsel moved for dismissal, arguing denial of a fair trial and due process as a result of the State's destruction of the fingerprints. The motions were denied.

The sole issue presented by this appeal is whether the intentional destruction of certain fingerprint evidence before its existence was disclosed to the defense resulted in an unfair trial by abridging defendants' due process rights. The court in *State v. Wright*, 87 Wn.2d 783, 784, 557 P.2d 1 (1976), confronted this question, and both parties contend that its decision controls in their favor. In *Wright* a conviction by jury of first–degree murder was reversed due to the "destruction of numerous items of material evidence" without disclosure to the accused.

The United States Supreme Court in *Brady v. Maryland*, 373 U.S. 83, 87, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963), laid the foundation for discussion of destruction of evidence questions when it concluded:

> [T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

The materiality of evidence is a key element of this suppression standard and generally has been liberally construed. *See State v. Wright, supra* at 787 and cases cited therein.

The court in *United States v. Bryant,* 439 F.2d 642, 651 (D.C. Cir. 1971), recognized that the right to discovery protected by the *Brady* decision would prove meaningless absent a corresponding duty of the State to preserve evidence of potential value to an accused.

> [W]e hold that before a request for discovery has been made, the duty of disclosure is operative as a duty of preservation. Only if evidence is carefully preserved during the early stages of investigation will disclosure be possible later.

The *Wright* court quoted with approval the rationale of the holding in *Bryant. State v. Wright, supra* at 788.

■ Thus, where, as here and in *Wright,* the State intentionally destroys evidence without giving notice thereof to the defense, a court of review must be sensitive to any potential deprivation of due process rights. The *Wright* court defined the standard appropriate for assessing sanctions in cases involving either the suppression or destruction of evidence:

> Trial and appellate courts are to be guided by the "pragmatic balancing approach," enunciated in *United States v. Bryant, supra* at 653, requiring a weighing of "the degree of negligence or bad faith involved, the importance of the evidence lost, and the evidence of guilt adduced at trial in order to come to a determination that will serve the ends of justice."

*State v. Wright, supra* at 792. In destruction cases, however, the motive of those destroying evidence is immaterial. *State v. Wright, supra* at 791–92. Thus, the crucial question is whether after "review of the entire record, considering not only the evidence of guilt but also other evidence of the defense," it is "clear there was a *reasonable possibility* that the evidence destroyed by the police . . . was *material* to guilt or innocence and *favorable* to appellant." (Italics ours.) *State v. Wright, supra* at 789–90.

We review first the materiality of the evidence lost. Implicit in such a consideration is the possibility that destroyed evidence may be of little or no material or probative value. Thus, a number of courts have upheld convictions where destroyed or suppressed evidence was deemed not exculpatory. *See Moore v. Illinois,* 408 U.S. 786, 33 L. Ed. 2d 706, 92 S. Ct. 2562 (1972); *State v. Daw,* 19 Wn. App. 855, 578 P.2d 545 (1978), (wherein this court held "[t]he State has no duty to produce unreliable and incompetent evidence."); *State v. Haynes,* 16 Wn. App. 778, 559 P.2d 583 (1977); *State v. Craig,* 169 Mont. 150, 545 P.2d 649 (1976). Here, Bernhardt and Culpepper contend that had the fingerprints taken from the telephone been forwarded to a defense expert, examination could have revealed the prints to be those of someone other than appellants or the store employees. Thus, they argue, the jury would have been faced with evidence of the presence of another in the store and might have given more credence to appellants' alibi witnesses.

We do not agree. Although the scope of the "reasonable possibility" standard is quite broad, it is not infinite. Imaginative speculation may lead to a conclusion that destroyed evidence could be material and favorable, but such a possibility may not be *reasonable.* That is the case here. Even had the defense proven that fingerprints of others than the appellant and the store employees had been found on the telephone, this would not eliminate the possibility that an appellant had handled the telephone without leaving a fingerprint. Fingerprints by their very nature are probative only of the presence of someone; their absence does not prove the absence of that individual.

Further, we note the second element of the balancing test defined in *Wright,* the evidence offered at trial. The importance of this element cannot be underestimated, for five of the justices hearing the *Wright* case signed a concurring opinion which emphasized the circumstantial nature of the State's case and the closeness of the question of the accused's guilt. That opinion concluded:

Under the strange circumstances of this case, the destruction of evidence deprived defendant of a fair trial . . . Under such circumstances it is a real substantial reason and *not a technicality* that requires a reversal.

*State v. Wright,* 87 Wn.2d 783, 795, 557 P.2d 1 (1976) (Wright, J., concurring). Here, however, we are not faced with a situation where the destroyed evidence could resolve a close issue. In this case the State offered the testimony of four identifying witnesses—the store employees who identified Bernhardt and Culpepper through composite drawings, mug books, lineups and in court, and two accomplices who testified they were waiting in the "getaway car" while the robbery took place. The case was not totally one-sided, for the defense impeached the State's witnesses on some minor points and offered alibi witnesses who testified Bernhardt and Culpepper were together elsewhere on the night of the robbery. To conclude, however, after weighing the minimal value of the destroyed evidence and the strong State case against appellants that their convictions must still be reversed would emphasize a technicality over "the ends of justice," contrary to the express intent of a majority of the *Wright* court. *State v. Wright, supra* (Wright, J., concurring).

We have examined the entire record with the purpose of weighing the importance of the destroyed evidence and the relative strength of the parties' positions. We find the impact of the destruction of certain fingerprints was de minimis. There is not a reasonable possibility that the lost evidence was material and favorable to appellants. We do not condone the State's practice but feel some line must be drawn after which such errors are recognized as trivial and inadequate grounds for reversal.

Affirmed.

ANDERSEN and DORE, JJ., concur.

Reconsideration denied June 22, 1978.

Review denied by Supreme Court December 1, 1978.