[No. 2824-2.   Division Two.   December 29, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. WAYNE HUDSPETH, *Appellant*.

*William R. Michelman*, for appellant (appointed counsel for appeal).

*Don Herron, Prosecuting Attorney*, and *Joseph D. Mladinov, Special Deputy*, for respondent.

PETRIE, J.—Wayne Hudspeth appeals his conviction of a robbery committed on February 18, 1976. He contends that he did not have a meaningful opportunity to review the pretrial identification procedures; and, thus, improper

identification evidence was presented to the jury, permitting his conviction on the basis of inadmissible evidence. We affirm the judgment and sentence.

The defendant's primary contention is that he was denied the opportunity to reconstruct several photo identification arrays which had been assembled shortly after the commission of the crime. Those arrays had been presented to the two eyewitnesses to the crime, but neither witness was able to identify the perpetrator of the crime from among those photographs. The police have no record of the photographs used in those arrays.

The testimony at the suppression hearing indicates that one of the witnesses, Novotney, picked defendant out of an array of six photographs assembled in April 1976, 2 months after the robbery. That array has been preserved, and defendant does not challenge its propriety. Novotney testified that she had previously been presented with two or three other groups of pictures, of about six in each group. She did not identify defendant in any of the other photo arrays.

Another witness, Filler, first identified defendant the day before the suppression hearing (13 months after the robbery) from the same array which had been shown to Novotney in April 1976. He, too, had previously been presented with other photo arrays, but did not identify defendant in those other arrays.

Both witnesses acknowledged that it was possible Hudspeth's photograph may have been in the arrays which had previously been displayed to them. The police detective who assembled the array from which the defendant's identity was obtained acknowledged that Hudspeth's photograph could possibly have been in those previous arrays which had been assembled by another officer who had initially investigated the robbery.

The problem in this case arises because the police apparently keep no specific record of the arrays from which no identification is made. The thrust of Mr. Hudspeth's appeal is that because of this failure to preserve the other arrays,

and the *possibility* that his photograph could have been included in one or more of them, he was denied a fair trial. As thus stated, the question becomes more closely related to the prosecution's duty to preserve evidence, *State v. Wright,* 87 Wn.2d 783, 557 P.2d 1 (1976), or the duty to disclose evidence to the defendant. *United States v. Agurs,* 427 U.S. 97, 49 L. Ed. 2d 342, 96 S. Ct. 2392 (1976).

██ Fundamental to either duty is. the prerequisite that the evidence destroyed, disposed of, or suppressed by the prosecution was material in the constitutional sense. The mere *possibility* that an item of undisclosed evidence *might* have helped the defense, or *might* have affected the outcome of the trial, does not establish "materiality" in the constitutional sense. *United States v. Agurs, supra.*

In the case at bench, the evidence which was not preserved cannot be categorized as rising above a mere possibility of affecting the outcome. The defendant would have us promulgate a rule which, in effect, would require the police to index and record *all* photographs shown to *all* potential witnesses or victims of crime. That standard would unreasonably hamper police investigative efforts and would effectively deny victims and potential witnesses access to massive arrays of police photographs. We reject that standard. The defendant does not direct our attention to any jurisdictions which impose that standard for the preservation of potential photo–identification evidence.

We hold the standard for the preservation of photo–identification evidence is limited to preserving arrays in which a victim or potential witness (1) affirmatively identified the defendant, or (2) failed to identify the defendant whose photograph had been specifically placed within the array after the police had focused upon him as a suspect to the crime. In other words, the duty to preserve an array arises from the reality of prejudice to the defendant by the failure to preserve it. *State v. Canaday,* 90 Wn.2d 808, 585 P.2d 1185 (1978). In the case at bench, the defendant has not demonstrated that reality. These is no indication that Hudspeth was even remotely considered as a suspect when

the original arrays were assembled shortly after the commission of the crime.

Judgment affirmed.

PEARSON, C.J., and REED, J., concur.