[No. 7627–2–I. Division One. June 23, 1980.]

THE STATE OF WASHINGTON, *Appellant,* v. ROBERT MARTIN JAMES, *Respondent.*

*Russ Juckett, Prosecuting Attorney,* and *James B. Roche, Deputy,* for appellant.

*Robert Perlman,* for respondent.

WILLIAMS, J.—By information, Robert M. James was charged with attempted burglary in the second degree, RCW 9A.28.020(1); RCW 9A.52.030(1). Before the trial, James moved to dismiss the charge because the State reported that a wire, said to have been used by him during the attempt, had been destroyed. The motion was granted and the State appeals. We reverse.

The facts are these: A citizen reported to the police that she had seen James trying to force the lock on a door of a building with a wire. During the investigation, an officer of the Everett Police Department found a wire in the area similar to that described by the witness and stored it in the police property room. Subsequently, it was inadvertently destroyed by the property clerk during a routine "housecleaning."

In support of his motion to dismiss, James argued that the wire was necessary for the prosecution's case and essential to his own defense of factual impossibility. The sole question on appeal is whether the trial court erred in

dismissing the charge because of the destruction of the wire.

Due process imposes certain duties on law enforcement and investigatory agencies to insure that every criminal trial is a "'search for truth, not an adversary game'". *State v. Wright*, 87 Wn.2d 783, 786, 557 P.2d 1 (1976), quoting *United States v. Perry*, 471 F.2d 1057, 1063 (D.C. Cir. 1972). One of the duties is to preserve material evidence not only for the benefit of the State but for the defendant, also. If the State destroys evidence without notice to the defendant, and there is a "reasonable possibility" that the destroyed evidence is material to guilt or innocence and favorable to the defendant, the defendant's due process rights are violated and sanctions will be imposed against the State. *State v. Wright, supra* at 789–90; *State v. Gilcrist*, 91 Wn.2d 603, 609, 590 P.2d 809 (1979); *cf. State v. Canaday*, 90 Wn.2d 808, 815, 585 P.2d 1185 (1978). The range of sanctions available to the trial court is broad, including missing–evidence jury instructions and the suppression of government evidence. *See State v. Wright, supra* at 792; Book Note, 53 Wash. L. Rev. 573, 595 (1978). To determine the appropriate sanction, the trial court must weigh "'the degree of negligence or bad faith involved, the importance of the evidence lost, and the evidence of guilt adduced at trial in order to come to a determination that will serve the ends of justice.'" *State v. Wright, supra* at 792, quoting *United States v. Bryant*, 439 F.2d 642, 653 (D.C. Cir. 1970). Dismissal of the charge is warranted only if the imposition of other sanctions would do nothing to mend the constitutional violation and insure the defendant a fair trial.

James argues that if he had the wire, he could show that it was, in fact, impossible to pick the lock with it. Consequently, he could not be guilty of an attempt to commit the crime of second–degree burglary because he could not have succeeded. RCW 9A.28.020(2) provides that:

> If the conduct in which a person engages otherwise constitutes an attempt to commit a crime, it is no defense

to a prosecution of such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission.

This statute eliminates factual impossibility as a defense to a charge of attempt. It is sufficient that James possessed the requisite intent and took a substantial step towards commission of second–degree burglary. That he would have been unable to complete the crime because the wire was unsuitable for the purpose is immaterial to his conviction of an attempt. *See State v. Davidson,* 20 Wn. App. 893, 584 P.2d 401 (1978).

The other arguments regarding the materiality of the wire are insubstantial. Speculation that evidence might be exculpatory is not enough. *State v. Bernhardt,* 20 Wn. App. 244, 247, 579 P.2d 1344 (1978).

Because James did not establish a reasonable possibility that the wire was material and favorable to his defense, his due process rights were not violated and the trial court erred in dismissing the charge against him.

The judgment of dismissal is reversed and the cause remanded for trial.

JAMES, A.C.J., and ANDERSEN, J., concur.