[No. 7869-1-I.  Division One.  January 19, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. GORDON
GERBER, *Appellant.*

*Lewis H. Nomura* of *Seattle–King County Public
Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Marilyn
Nowogroski, Deputy,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

The defendant, Gordon Gerber, appeals his conviction of theft in the second degree as charged. RCW 9A.56-.040(1)(a); RCW 9A.56.020(1)(a).

While the defendant was a management trainee at the Goodyear Store on Bellevue Way in Bellevue, Washington, he loaded three boxes into the bed of a pickup truck driven by a girlfriend of an acquaintance. Two of the boxes were empty but the third contained a new 19–inch color television set of the kind sold by that store. The central factual issue in the case was whether or not the defendant intended to steal the set.

On the day of the events in question, the defendant was working in an area of the Goodyear Store where television sets were stored. He asked another employee to set some empty discarded cartons aside for him to use for moving.

During the day another employee inadvertently discovered that one of the boxes behind the store, near the trash dumpster, still contained a new television set. He reported this to the management. Ultimately an assistant district manager arrived, verified that fact and positioned himself so that he could observe the area. Later the defendant was seen loading the set onto the bed of the pickup truck, was confronted and subsequently arrested.

The arresting officer obtained the name and address of the driver of the pickup truck from her driver's license. Assured by both the driver and the defendant that she knew nothing of the incident, she was allowed to leave. Subsequently, the name and address were lost.

The jury was fully instructed on the State's obligation to prove the elements of the offense beyond a reasonable doubt including that the defendant had to be proved to have wrongfully exerted unauthorized control over the property of another and intended to deprive that party of the property. WPIC 70.06, 11 Wash. Prac. 323 (1977). Error is not assigned to any of the trial court's instructions.

After due deliberation, the jury returned a verdict of guilty. Judgment and sentence were entered thereon and the defendant appeals.

Two issues are presented.

## ISSUES

ISSUE ONE. Was sufficient evidence presented to sustain the conviction?

ISSUE TWO. Did the investigating officer's loss of the name and address of the driver of the pickup truck into which the defendant placed the television set deprive the defendant of his due process rights?

## DECISION

ISSUE ONE.

CONCLUSION. Applying the test for the sufficiency of evidence recently set out in *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980) to the facts of this case, there was sufficient evidence to sustain the defendant's conviction of theft in the second degree.

■ Citing *Jackson v. Virginia,* 443 U.S. 307, 316–20, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979), a 5–judge majority of the State Supreme Court held that the proper test for determining the sufficiency of evidence to sustain a criminal conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Italics omitted.) *State v. Green, supra* at 221.

This is not to say, however, that the reviewing court must itself be convinced of the defendant's guilt beyond a reasonable doubt, *State v. Green, supra* at 221. Neither does this rule undermine the deference courts traditionally give to the jury or other trier of fact to resolve conflicts in testimony, weigh evidence and draw reasonable inferences therefrom. *Jackson v. Virginia, supra* at 319. Thus, neither *Jackson* nor *Green* changes the well recognized principle that

A challenge to the sufficiency of the evidence admits the truth of the State's evidence and all inferences that can reasonably be drawn therefrom. The evidence is interpreted most strongly against the defendant and in a light most favorable to the State. . . . [W]hen that evidence is conflicting or is of such a character that reasonable minds may differ, it is the function and province of the jury to weigh the evidence, to determine the credibility of the witnesses, and to decide the disputed questions of fact.

(Footnote omitted.) *State v. Theroff,* 25 Wn. App. 590, 593, 608 P.2d 1254 (1980).

Applying the *Green* test as required by *Jackson,* we find as a matter of law that there was sufficient evidence to support the jury's verdict beyond a reasonable doubt.

Although the defendant testified that he did not know the television set was in one of the cartons and did not intend to steal it, sufficient evidence of his intent to steal the set from his employer was presented by the State. *State v. Delmarter,* 94 Wn.2d 634, 637, 618 P.2d 99 (1980). This included the following: the television set was in its original container bearing a Goodyear Store inventory mark on the outside; the defendant was several times observed glancing at the area near the trash dumpster where the television had been discovered; the television set inside the carton was clearly visible through torn portions of the carton; the defendant was observed looking into the carton when he put it into the bed of the pickup truck; the cardboard carton containing the television set weighed at least 59 pounds and testimony was presented that the defendant placed it on the truck bed rather than just tossing it into the truck bed as he had the empty cartons; and, finally, when the defendant was confronted by the assistant district manager's single question, "Why?" the defendant responded by saying "Give me a break. Let me put the television back."

The testimony of Goodyear's assistant district manager also contained ample evidence that the set was the property of Goodyear and the defendant had no authority to take it. His opinion testimony concerning the market value of the

television set was likewise sufficient. *See McCurdy v. Union Pac. R.R.,* 68 Wn.2d 457, 468–69, 413 P.2d 617 (1966); *State v. Clark,* 13 Wn. App. 782, 787, 537 P.2d 820 (1975); *State v. Hammond,* 6 Wn. App. 459, 461, 493 P.2d 1249 (1972).

ISSUE TWO.

CONCLUSION. The testimony of the missing witness would have been wholly corroborative at best and was not constitutionally material. The inadvertent failure to preserve that information did not, therefore, deny the defendant due process of law.

■■■ The standard for determining when missing evidence denies a defendant due process is stated in *State v. Gilcrist,* 91 Wn.2d 603, 609, 590 P.2d 809 (1979):

> To bring [a] claim within due process clause protection, [the defendant] must show that the lost evidence "was material to guilt or innocence and favorable to the [defendant]."

In order for evidence to be "material to guilt or innocence" within the *Gilcrist* test, it must be necessary for a prima facie defense and do more than supply circumstantial evidence of innocence. *State v. Gilcrist, supra* at 609. *See also State v. James,* 26 Wn. App. 522, 524, 614 P.2d 207 (1980). *See generally* 53 Wash. L. Rev. 573 (1978). As the court held in *State v. Hudspeth,* 22 Wn. App. 292, 294, 593 P.2d 548 (1978):

> The mere *possibility* that an item of undisclosed evidence *might* have helped the defense, or *might* have affected the outcome of the trial, does not establish "materiality" in the constitutional sense. *United States v. Agurs* [427 U.S. 97, 112–13, 49 L. Ed. 2d 342, 96 S. Ct. 2392 (1976)].

A review of the record presented in this case demonstrates the speculative nature of the defendant's claim concerning the testimony of the missing witness. The defendant was not certain that the witness, who was seated inside the cab of the pickup truck at the time of the events in question, could corroborate his own testimony that he had tossed, rather than placed, the carton containing the

television set into the bed of the truck. When the officer arrived at the scene, the defendant as well as the witness told him that the witness had no information regarding the matter and the officer testified that he accepted that fact. Even if the witness had testified, as the defendant now speculates she would have, her testimony at best would do no more than corroborate the defendant's testimony that he threw a box, obviously containing a television set, into the bed of the pickup truck. Although we do not condone the officer's failure to preserve the name and address of the driver of the vehicle, on the facts of this case that failure did not deny the defendant any constitutional right.

Affirmed.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied March 24, 1981.

Review denied by Supreme Court May 22, 1981.