# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

                Respondent,

        v.

WILLIAM H. DIXON III,

                Appellant.

DIVISION ONE

No. 80238-1-I

UNPUBLISHED OPINION

DWYER, J. — William H. Dixon III appeals from the judgment entered on a jury's verdict finding him guilty of two counts of bail jumping. He contends that the jury's verdict on the second count of bail jumping was not supported by a constitutionally sufficient quantum of evidence. Specifically, he avers that there was insufficient evidence adduced to establish that he was released from custody with knowledge of the requirement that he subsequently personally appear before the court. We disagree. A certified copy of a court order tended to prove that he was released with such knowledge. The jury was entitled to draw the inference that he was not in custody on the day of the missed hearing as a result of the entry of that order. Accordingly, we affirm.

I

In June 2017, William H. Dixon III was charged with one count of trafficking in stolen property. He pleaded guilty to the charge in March 2019. During the nearly two-year period in which the trafficking charge was pending,

Dixon missed court appearances on August 4, 2017, and January 19, 2018. In response, the State charged him with two counts of bail jumping.

At trial, to prove the first count of bail jumping, the State introduced (1) the information charging Dixon, (2) an order releasing Dixon on July 31, 2017 and requiring him to return on August 4, 2017, and (3) a clerk's minute sheet from August 4, 2017 indicating that Dixon had failed to appear in court on that date.

To prove the second count of bail jumping, the State introduced two additional pieces of evidence. First, an order dated December 1, 2017 setting future court dates and conditions of Dixon's release from custody, and requiring Dixon to return to court on January 19, 2018. Second, a clerk's minute sheet from January 19, 2018, indicating that, once again, Dixon had not appeared for the hearing. The order dated December 1, 2017 was titled "Order Setting Dates and Conditions of Release." However, preprinted boxes on the form order located next to language for setting bail and releasing a defendant on personal recognizance, respectively, were not checked. Elsewhere, the order required that Dixon reside at a specific address, remain in Washington, and have no contact with a certain boat dealer. The dates handwritten on the order established the next hearings on the matter. There was no signature on the line marked "defendant." However, a signature and a bar number appeared on the line marked "attorney for defendant." Subsequent to the entry of the order, Dixon was released from custody.

Dixon was convicted of both counts. He appeals from the judgment entered on the second count.

2

II

Dixon claims that insufficient evidence supports his conviction for bail jumping by missing the January 19 court date. Because a rational trier of fact could have found that all of the elements of bail jumping had been proved beyond a reasonable doubt, we disagree.

The due process clauses of the federal and state constitutions require that the government prove every element of a crime beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 476-77, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (citing U.S. CONST. amend. XIV, § 1); State v. Johnson, 188 Wn.2d 742, 750, 399 P.3d 507 (2017) (citing WASH. CONST. art. I, § 3). After a verdict, the relevant question when reviewing a challenge to the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

"A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." State v. Partin, 88 Wn.2d 899, 906-07, 567 P.2d 1136 (1977).

The elements of bail jumping are set forth in former RCW 9A.76.170(1) (2001),[1] which provides:

> Any person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state . . . and who fails to appear . . . is guilty of bail jumping.

Thus, to prove that Dixon was guilty of bail jumping, the State was required to establish (1) that he was held for, charged with, or convicted of a particular crime, (2) that he was released by court order or admitted to bail with the requirement of a subsequent personal appearance, and (3) that he knowingly failed to appear as required. State v. Williams, 162 Wn.2d 177, 183-84, 170 P.3d 30 (2007).

Dixon challenges the sufficiency of the proof on two elements. First, he claims that there was insufficient evidence adduced that he was released from custody with the obligation to appear for a subsequent hearing. In this regard, Dixon relies on the checkboxes left blank on the order setting dates and conditions of release. Neither the box next to the language setting bail nor the box next to the words "The defendant shall be released upon personal recognizance" was marked. This, he contends, means that the case against him was not proved.

To the contrary, a complete reading of the order and a consideration of the circumstances surrounding its entry, viewed in the light most favorable to the State, supports the verdict. The order is, in part, entitled "Order Setting . . .

---

[1] In 2020, the legislature amended RCW 9A.76.170. We cite to the version of the statute that Dixon was charged with violating.

4

Conditions of Release." It mandates that Dixon live at a certain address, forbids Dixon from having contact with a certain boat dealer, and requires that Dixon remain in the state of Washington. These conditions would be nonsensical if the order was designed to keep Dixon in custody, as opposed to releasing him from custody. Furthermore, Dixon did not appear at the hearing. A rational trier of fact could infer that a person in custody would be brought to such a hearing. A rational trier of fact could thus infer, from the wording of the order and the surrounding circumstances, that Dixon was released after entry of the order. Thus, sufficient evidence supports the jury's determination that Dixon was released by court order.

Dixon next challenges the sufficiency of the evidence that he had knowledge of the subsequent personal appearance requirement. Dixon points again to the December 1, 2017 order. He asserts that because of unclear handwriting, it is uncertain whether he was required to appear on January 17, 2018 or January 19, 2018. Furthermore, he avers that because the signature line for the defendant is blank, there is no evidence that he received the document.

These arguments are not persuasive. They speak only to the weight of the evidence presented to the jury, not to its constitutional sufficiency. "'Credibility determinations are for the trier of fact and cannot be reviewed on appeal.'" State v. Bajardi, 3 Wn. App. 2d 726, 733, 418 P.3d 164 (2018) (quoting State v. Camarillo, 115 Wn.2d 60, 71, 794 P.2d 850 (1990)). Similarly, the weight to be assigned to admissible evidence is solely within the province of the

jury.  State v. Rattana Keo Phuong, 174 Wn. App 494, 534-35, 299 P.3d. 37 (2013); State v. Gerber, 28 Wn. App. 214, 216, 622 P.2d 888 (1981).  The jury was thus free to determine—by examining the exhibit—that the order set forth an understandable listing of the date of the next hearing.

In addition, a rational finder of fact could find plausible the State's explanations for the blank line—the likelihood that Dixon signed the line below, intended for the defense attorney's signature, given the signature's resemblance to Dixon's signature on other exhibits.  Because a rational finder of fact could determine that Dixon had knowledge that he was required to appear for court on January 19, sufficient evidence supports the verdict.

Affirmed.

We concur: